## SUPREME COURT.

JOSEPH R. ENOS and others agt. EDWIN THOMAS and others.

*A motion may be made to refer a cause under § 270 of the Code, immediately on receiving a reply to the answer, and the party is not bound to wait twenty days to see if the defendant will amend his answer.*

*Saratoga Special Term, Sept.* 1849.

WILLARD, Justice.——An issue of fact was joined on the 8th August, by the service of the reply to the defendants' answer. It was therefore regular to move to refer the cause. (§ 270 of the Code.) It is no objection that the defendant's time within which he might amend his answer by § 172 had not expired when the notice was served. It does not appear that he has since amended. The party is not bound to wait, before making the motion, to see whether the pleadings will be amended. He has a right to act upon them as they are served. A subsequent amendment cannot defeat a motion for a reference, unless by such amendment there ceases to be an issue either of fact or law between the parties.

The motion to refer must be granted to Wm. A. Beach, who is agreed upon as the referee in case the court grant the motion.

## SUPREME COURT.

ANONYMOUS.

*Albany Special Term, October,* 1849.——Action for the recovery of the possession of personal property.

Motion to set aside the jurat to the complaint, the affidavit accompanying the notice to the sheriff of the claim of property, and the undertaking of the sureties, for irregularity, on the ground that the complaint and affidavit were sworn to before the *plaintiff's attorney,* and that the undertaking was not *proved or acknowledged* by the sureties.

A. J. COLVIN, *for motion.*

D. McMARTIN, *opposed.*

HAND, Justice, granted the motion, with costs, but gave the plaintiff leave, *nunc pro tunc,* to file a new complaint duly verified, and a new affidavit; and an undertaking duly proved and acknowledged, within twenty days, &c.