Van Vorst, J.
The rule excluding from consideration affidavits taken in an action before the attorney therein, as a notary or commissioner, is. an old *242 one (Taylor v. Hatch, 12 Johns. 340; Anon., 4 How. Pr. 290). The execution of this undertaking was acknowledged, and the justification of the sureties was had before the person whose name is indorsed on the undertaking as attorney for the defendant.
The acknowledgment of the undertaking and the justification of the sureties are essential portions of the undertaking (Code Civ. Pro. §§ 810, 812). The affidavits were taken in a pending action, the one in which the undertaking is entitled. Although the attorney did not indorse his name on the papers until after the affidavits were taken, still it is quite apparent that in preparing the undertaking he was acting as the attorney for the defendant, and would not be likely to indorse his name until after completion of the instrument. The application for the discharge of the attachment can only be made after the defendant has appeared, and upon such application he gives the undertaking (Code, 687, 688). Vaby v. Godfrey (6 Cow. 587), implies that if the person was retained as attorney, that would be sufficient to exclude the affidavit. It is suggested that these cases are all before the Code, but I do not understand that the Code has made any different rule in this regard. It is only right that the plaintiff should have a good undertaking in substance and in form, as its effect is to release the lien of his attachment.
The undertaking cannot be approved, and the order discharging the attachment which is asked cannot be granted, and a new undertaking must be made.