## DEGENER v. UNDERWOOD et al.

*(Superior Court of New York City, General Term.* November 22, 1889.)

1. REFERENCE—WHEN ORDERED—LONG ACCOUNTS.
   An order of reference is proper where it appears that the trial of the issues will require the examination of a long account, that it will not require the decision of any difficult questions of law, and that an "account" between the parties, in the proper acceptance of the term, is directly involved.
2. SAME—AMENDMENT OF ANSWER.
   The statement by defendants that they intend to amend their answer is no ground for refusing an order of reference.
3. SAME—COUNTER-CLAIM.
   The amendment of the answer and incorporation of a counter-claim is no ground for vacating an order of reference.

Appeal from special term.

Action by Frederick L. Degener against John T. Underwood and others. An order of reference was entered, and an order denying defendants' motion to vacate the same. Defendants appeal.

Argued before FREEDMAN and INGRAHAM, JJ.

*James A. Hudson,* for appellants. *J. E. Ludden,* for respondent.

PER CURIAM. The moving papers upon which the order of reference was granted, and which included the pleadings, satisfactorily established that the trial of the issues would require the examination of a long account, containing 714 items, on the part of the plaintiff; that it would not require the decision of any difficult questions of law; and that an "account" between the parties, in the proper acceptation of the term, was directly involved.

It was no answer to the motion to say that the defendants intended to amend their answer. *Enos* v. *Thomas,* 4 How. Pr. 290. The foundation of the practice in the courts rests upon acts, and not upon mere intentions. The case, as it appeared upon the moving papers, was clearly referable, and consequently no error was committed in granting the order of reference. The amended answer, which was subsequently served, in no way lessened the necessity of a reference. The incorporation of a counter-claim rather increased the necessity. On the motion to vacate the order of reference, on the ground that the issues had been changed by an amendment to the answer, the burden of proof was on the defendants to establish that the answer, as amended, rendered a reference unnecessary. This they wholly failed to establish. The case presents only questions of practice, and not of jurisdiction, and upon all the facts we cannot say that the several judges who made the orders appealed from abused the discretion vested in them. The orders appealed from should be severally affirmed, with costs and disbursements.