## ELIZA DEAN, *Exrx.* v. THE HEIRS OF EZRA DEAN.

### *Wills, their publication, attestation and proof.*

No formal publication of a will is necessary; writing and signing it, or any act treating and giving effect to it, as a will, is a sufficient publication.

That the testator was of a sound and disposing mind is presumed. If an incapacity in this respect existed, it is for those objecting to the will to show it.

Proof of the due execution and attestation of the will is admissible, though the attestation clause is informal, or even if it is entirely omitted.

And in such case, if one of the subscribing witnesses is dead, the genuineness of his signature may be proved.

If competent testimony is introduced, a fair balance of proof is all that is necessary to prove the execution of a will.

APPEAL from the decree of the probate court for the district of Washington, disallowing the probate of an instrument, purporting to be the last will and testament of Ezra Dean. The case was tried by jury, September Term, 1854,—POLAND, J., presiding.

The attestation clause to the will was as follows : " signed, sealed " and delivered by the above named Ezra Dean, to be his last will

"and testament, in the presence of us, who at his request and in "his presence have subscribed our names, as witnesses thereto.

"NATHAN W. PIERCE,

"JAMES CAREY B. THAYER,

"ELIJAH SMITH."

The appellant introduced the deposition of Elijah Smith, who was sick and unable to attend court as a witness, which tended to prove the due execution of the will in the presence of the witnesses and their attestation of it in the presence of the said Ezra Dean, and of each other. J. C. B. Thayer was then called upon as a witness, by the appellant; and he testified to his own signature, but did not recollect as to the signature of the said Ezra Dean, and gave contradictory statements as to the place where he signed it. Testimony was introduced by the appellees tending to discredit that of Elijah Smith, by showing that he had given a different statement as to the place, &c., from that mentioned in his deposition.

It was admitted that Nathan W. Pierce had deceased. The appellees objected to evidence offered as to the hand writing of said Pierce, on account of the informality of the attestation, and as having no tendency to prove the execution of the will, but the court admitted the evidence to which the appellees excepted.

The appellees claimed that the evidence introduced was not legally sufficient to prove the due execution of said will, and that the jury should be instructed to return a verdict that it was not duly executed; and they further insisted that the statute required more than the testimony of one witness to prove the due execution of said will; or at least, that it required the full and unimpeached testimony of one witness; and if the proof fell short of that, that the will could not be admitted to probate, and that the jury should be so instructed. But the court declined so to charge, but did charge the jury that it was incumbent on the plaintiff to establish affirmatively, by evidence aside from the will itself, that the same was executed by the said Ezra Dean, in the presence of said witnesses to the will, and that all of said witnesses signed their names as witnesses to said will in the presence of said Ezra Dean, and also in presence of each other; that the proof of the signature of Pierce had no legal tendency to prove that the said witnesses did sign their names in the presence of each other, but that

if, from the evidence introduced, they found from a fair balance of said proof, that the will was signed by said Dean, in the presence of all said witnesses, and that all of said witnesses signed their names as witnesses in the presence of said Dean, and also of each other, then they should return a verdict establishing said will as the last will and testament of said Ezra Dean. The jury returned a verdict establishing said will.

The appellees excepted to so much of said charge as is above detailed, and also to the refusal of the court to charge as requested.

*P. Dillingham* and *H. Carpenter*, for the appellees, insisted that the statute contemplated and required more than the testimony of one full witness ; and that proof of Nathan W. Pierce's handwriting had no legal tendency to prove the due execution of the will; and they referred to the Comp. Stat. 329, § 18 and § 19 ; p. 327, § 6.    1 Jarmain on Wills, 140, 218 and 219 and notes. *Jackson* v. *Vickery*, 1 Wend. 406.    *Lewis* v. *Morris*, 1 Dallas, 278.    *Muller* v. *McKelay*, 5 Watts, 399.    *Tetherly* v. *Waggoner*, 11 Wend. 599.    *Doe* v. *Lendre*, 7 Car. & Pay. 574.

*Peck & Colby*, for the appellants.

*Adams* v. *Field*, 21 Vt. 256, is a full answer to the appellee's exceptions.    See also *Goodtitle* v. *Clayton*, 4 Burr, 2224.    *Jackson* v. *Christman*, 4 Wend. 277.    *Newhouse* v. *Goodwin*, 17 Barbour, 236.

The opinion of the court was delivered by

ISHAM, J.    The questions in this case arise on exceptions allowed on the probate of an instrument purporting to be the will of Ezra Dean.    The will, with the exception of the attestation clause, appears, on its face, to have been legally executed.    The statute requires such instruments to be signed by the testator, and witnessed by three witnesses who signed the same as such, in the presence of the testator, and in the presence of each other.    The attestation clause is informal, in not stating that the witnesses signed the same in the presence of each other.    It is conceded, however, that that objection may be removed by testimony showing that in

fact those requisites were complied with when the instrument was executed. *Brice* v. *Smith*, Willis 1. 4 Taunt. 217. 1 Phil. Ev. 499. The jury were instructed, that it was incumbent on the plaintiff to establish affirmatively, by evidence aside from the will itself, that it was executed by Ezra Dean, in the presence of the witnesses who signed their names as such in his presence and in the presence of each other. The jury, by their verdict, have found those facts to be true in relation to the execution of this instrument. The only question arises, whether those facts were found on competent and legal testimony.

The jury in cases of this kind, as in all civil cases, are the judges whether the testimony is sufficient to prove the facts in issue. The competency of the testimony, and whether those facts are legally proved are questions for the court. Whether the will, in these particulars, was properly executed or not, is a matter primarily to be proved by the subscribing witnesses. They are first to be called and examined if they are alive and can be produced. The Comp. Stat., p. 329, § 18, provides that if no person shall appear to contest the probate of the will, it may be probated on the testimony of one of the subscribing witnesses. But if the will is contested, all the subscribing witnesses should be examined. The same rule prevails on the probate of a will in the English court of chancery. *Chase et al.* v. *Lincoln*, 3 Mass. 236. *Sears* v. *Dillingham*, 12 Mass. 358. *Concannon* v. *Cruise*, 2 Moll. 332. 3 Phil. Ev. 1351, and note 931. If the subscribing witnesses are dead, insane, absent and without the state, their attestation of the will may be shown by proof of their hand writing, and of that of the testator: Comp. Stat. 329, §19, and such proof will be evidence of all they professed to attest. 1 Phil. Ev. 440. *Milward* v. *Temple*, 1 Camp, 375. *Shelly* v. *Champlin*, 4 John. 460 and note 466. *Carrington* v. *Payne*, 5 Vesey, 404. *Bernel* v. *Taylor*, 9 Ves. 381. In 1 Phil. Ev. 502, it is said, "that if a subscribing witness is abroad his "hand writing may be proved in the case of a will, as in cases of "the execution of deeds, and that the rule is the same in courts of "equity; and if a subscribing witness deny the execution of the "will, he may be contradicted as to that fact by another subscrib- "ing witness, and the will established." This rule was recognized in the case of *Adams* v. *Field*, 21 Vt. 256. 1 Phil. Ev. 475, 476.

So too, if all the subscribing witnesses testify that the will was not duly executed, the parties will be allowed to go into circumstantial evidence to prove its due execution. *Bowman* v. *Christman*, 4 Wend. 277. *Pike* v. *Badmering*, cited in 2 Sto. 1096. *Lowe* v. *Jolliffe*, 1 Black. 365. 1 Phil. Ev. 502. 2 Phil. Ev. note 935.

It appears from the case, that Mr. Pierce, one of the subscribing witnesses, had deceased. The court properly admitted proof of his hand writing, therefore, to show his signature as such witness. The competency of such testimony is not affected by a defective attestation clause; for, if that clause had been entirely omitted, that testimony would have been admissible. 2 Sto. 1109. 1 Phil. Ev. 501. The testimony had a legal tendency to prove the due execution of the will by himself, as a subscribing witness, and could properly be taken into consideration by the jury in proof of all those facts which he was required to attest. The testimony of Mr. Thayer, another of the subscribing witnesses was received, not only to his own attestation, of the will, but to its attestation, also by the other subscribing witnesses. It is true, this witness was unable to state whether he saw the testator sign the will, or with certainty the place where he attested it; and difficulties of this character existed in relation to the testimony of Mr. Smith, the last subscribing witness.

It appears also, that several witnesses were examined for the purpose of affecting the credibility of the testimony of Mr. Smith. Now, in relation to all this testimony, it is to be observed, that it is not for this court to say whether the testimony was sufficient to prove the facts put in issue in relation to the execution and attestation of this will. That is a matter for the determination of the jury, and their decision is conclusive in the case. If the testimony was competent and had a legal tendency to prove those facts, the case was properly submitted to their consideration. In the case of *Dewey* v. *Dewey*, 1 Met. 349, a will was probated on testimony, in all important particulars, similar to this. Upon the testimony, in this case, we think the court properly charged the jury, that, if from the evidence detailed, they found, from a fair balance of the proof, that the will was executed by the testator in the presence of the witnesses and of each other, that their verdict should be in favor of its due execution. We perceive no error in that

ruling of the court, and are satisfied that the verdict was rendered on competent and sufficient testimony.

It is also insisted that no testimony appears in the case showing that the will was ever published by the testator, or that he was of a sound and disposing mind at the time of its execution. That the testator was of a sound and disposing mind is a legal presumption. It is for those who object to the will to show such an incapacity, if it exists. In relation to the publication of the will it is to be observed, that attesting the will by the witnesses, is an attestation of its publication. A formal publication is not necessary. Writing and signing the will is a sufficient publication: indeed any act of the testator, by which he designates that he means to give effect to the paper, as his will, is a publication of the will itself. This rule was given by CH. J. GIBBS in *Modie* v. *Reid*, 7 Taunt. 361. *Swift* v. *Boordman*, 1 Mass. 257. 3 Phil. Ev. 1353, Independent of this, it does not appear from the case that either of those matters were agitated or disputed on the trial of the case in the county court. It is not necessary that the entire case should be stated in the exceptions. It is sufficient that so much of it is stated as shows the matter in dispute, and the decision of the court upon it. If no error appears in that, the intendment will be in favor of the judgment.

The judgment of the county court must be affirmed.