Ex parte, Leroy.

*In the matter of proving the last Will and Testament of* Louis Leroy, *deceased.*

A person present at the performance of a testamentary act, and writing the name of another as witness to the proposed will, in the belief he could not write well, but failing to sign his own name, not supposing more than one witness necessary,—*Held*, that the paper was defectively executed, although the witness whose name had been signed, subsequently wrote his own name. The statute requires each of the witnesses to sign his own name with the intention of becoming an attesting witness.

The Surrogate.—The will propounded for proof, reads as follows:

*February*, 23d, 1855.

All my money and property belong to my wife and children.

My last will.                        Louis Leroy.

Before John Bowers.

John Bowers.

It appears that Charles Bowers, the son of John Bowers, wrote this paper at the request of the deceased, and then signed his father's name as a witness, because the latter could not write very well, and he did not suppose he was going to sign. The father, however, did subscribe his own name. Charles was not requested to become a witness, and did not, in fact, sign his own name, not supposing more than one subscribing witness necessary. The statute requires each of the attesting witnesses to " sign his name as a witness." Charles did not sign his name, and the signature of his father's name cannot be taken as a substitute. It is not a case of mistake, there having been no intention to have more than one subscribing witness. I think, therefore, the execution was defective, and that the will must be rejected.