DANIEL ROBERTS, ADMINISTRATOR CUM TES. OF JONATHAN WELCH, *v.* DANIEL WELCH ET ALS., APPELLANTS.

*Evidence.    Exceptions.    Will.*

The burden is upon the proponent to show that the instrument propounded is the last will and testament of the testator.

The supreme court sits in error on matters of law; and when an issue of fact is tried in the county court by the court, the finding is as conclusive, on exceptions, as the finding by a verdict of a jury.

It is not necessary that a testator should sign his will in presence of the subscribing witness thereto. It is sufficient if he declare the instrument which the witnesses are called upon to attest to be his will, which he wishes them to attest.

But it is necessary that the witnesses know the character of the act which they are called upon to perform, and that, by affixing their names to the instrument, they are thereby attesting the execution thereof by the testator. They must subscribe their names *animo testandi*, and in the presence of each other.

APPEAL from a decree of the probate court, establishing a certain instrument as the last will and testament of Jonathan Welch, deceased. The defence was, that said instrument was not executed in accordance with the statute. The issue was tried by the court, at the June term, 1873, Ross J., presiding. Said instrument was dated March 16, 1869. From the evidence the court found, that the decedent, at the time of the execution of said instrument, was of sound and disposing mind, and signed the same ; that J. R. Darling, who drew said instrument, Henry Eggleston, and Olive Plummer, also signed it in the usual place of attesting witnesses ; that said Eggleston was called in by the decedent, and

asked to sign said instrument, and that the decedent, Darling, and Miss Plummer, were present; that Eggleston objected to signing, saying that he was not accustomed to sign papers the contents of which he did not know ; that the decedent and Darling refused to tell him what the paper was, but urged him to sign it, telling him that it would do him no harm ; that the decedent did not sign said instrument in the presence of Eggleston, to Eggleston's knowledge, nor did Eggleston know that the decedent had signed it at all, nor what the paper was that he was signing, or for what purpose he was signing it; that Miss Plummer was not informed, and did not know, what the paper was that she was signing, but mistrusted it was the decedent's will ; that Darling saw the decedent sign said instrument, and signed it himself as a witness in the presence of the decedent; that the court was not satisfied that said Darling signed said instrument as a witness, in the presence of the others who signed as witnesses ; that Eggleston and Miss Plummer saw Darling's signature above where they signed, and that they both signed in presence of the decedent and Darling and of each other. Darling testified that the decedent signed said instrument in the presence of all the witnesses thereto, and that the witnesses all signed in the presence of the decedent and of each other ; but the court did not find the facts in accordance with his testimony. The defendants were allowed, against the plaintiff's exception, to show by Mr. Belden, that he and Mr. May were partners at the time of the hearing before the probate court, at which both were present, and that Mr. May took full minutes of the testimony given at that hearing, and that immediately after the hearing, the witness went to his office and read over said minutes, and that they were correct, as the witness then recollected the testimony given at that hearing. Mr. May had previously testified, and read said minutes. The only effect said minutes could have as evidence, was to contradict the testimony of some of the plaintiff's witnesses, among whom was said Darling, and that was the only effect, if any, which the court gave to the testimony. Upon the foregoing facts, the court adjudged that said instrument was not the last will and testament of the said Jonathan Welch, and ordered said judgment to be certified to the probate court; to

which the plaintiff excepted. The minutes of testimony taken by the presiding judge at the trial, were made part of the bill of exceptions, if they could properly be made so.

*A. M. Dickey*, for the plaintiff.

The court erred in finding from the testimony that the instrument propounded was not the last will and testament of Jonathan Welch. It is not necessary that the witnesses should be made aware at the time of signing the paper, that it is the will of the person calling upon them to sign it. *Stonehouse et. ux.* v. *Evelyn*, 3 P. Wms. 253 ; *Ellis* v. *Smith*, 1 Ves. Jr. 11 ; *Greyson* v. *Mheson*, 2 Ves. Sen. 454 ; *Addy* v. *Ginx*, 8 Ves. 504 ; *Westbrach* v. *Kennady*, 1 Ves. & B. 362 ; *Wright* v. *Wright*, 7 Bing. 457 ; *White* v. *British Museum*, 6 Bing. 310 ; 33 Eng. L. & Eq. 620.

It is not necessary that the witnesses should see the testator sign his name, if he acknowledge and publish the paper as his act, and call upon the witnesses to sign as witnesses to such act. *Winham* v. *Chargood*, 1 Binn. 421 ; *Adams* v. *Field, exr.* 21 Vt. 256. A bare acknowledgment by the testator of his handwriting, is sufficient to make attestation and subscription of the witnesses good, although such acknowledgment carries no intimation whatever, or means of knowledge, either of the nature of the instrument or the object of signing. *Wright* v. *Wright, supra ; Johnson* v. *Johnson*, 1 Cromp. & M. 140. A will is sufficiently attested when subscribed by the witnesses in the presence and at the request of the testator, although none of the witnesses saw the testator sign, and only one of them knew what the instrument was. *Dewey* v. *Dewey*, 1 Met. 349 ; *White* v. *British Museum, supra ; Hogan* v. *Grosvenor*, 10 Met. 54 ; *Gamble* v. *Gamble*, 39 Barb. 373. Any act of the testator by which he indicates that he desires to have the witnesses subscribe the paper as witnesses to his execution of it, will be a sufficient publication. *Dean* v. *Heirs of Dean*, 27 Vt. 746. If all the witnesses are in the room, or where they can see the testator sign, and have an opportunity to see all the witnesses sign, it is sufficient even if they do not see the testator, or all of the witnesses, sign their names. *Blanchard* v. *Blanchard*, 32 Vt. 62. It does not appear

but that Eggleston had a full opportunity to see all the witnesses sign, if he had chosen to do so.

If there are three witnesses, and two of them only, comply with the requirements of the statute, it is sufficient. *Lyon* v. *Smith*, 11 Barb. 124; *Canal* v. *Norton*, 3 Bradf. 291; *Brinckerhoff* v. *Bronson*, 8 Paige, 488.

Although all the requirements of the statute must be substantially complied with, it is not indispensable that all the witnesses should be able to testify to that extent. It will be sufficient to establish the instrument if one witness so testifies. Redf. Wills, 217; *Chaffee* v. *Baptist Missionary Convention*, 10 Page, 85; *Newhouse* v. *Godwin*, 17 Barb. 236. The facts supporting the claim of the proponent in this case, are more strongly made out than they were in the case of *Adams* v. *Field, exr., supra*, where the court sustained the will.

It was error for the court to admit the testimony of Belden, as stated in the bill of exceptions.

*Elisha May, Belden & Ide*, and *Powers & Gleed*, for the defendants.

The minutes of testimony taken by May, were competent evidence. *Whitcher, adm'r.* v. *Morey*, 39 Vt. 460; Phil. Ev. 327. Belden's testimony was properly admitted, for the purpose of further establishing the correctness of those minutes. *Downer* v. *Rowell*, 24 Vt. 343; *Lapham* v. *Kelley*, 35 Vt. 195; 1 Greenl. Ev. § 436.

Our statute does not in terms require the testator to sign in presence of the witnesses; but our courts have uniformly held that the witnesses must know what the instrument is they are called to attest. *Adams* v. *Field*, 21 Vt. 256; *Dean* v. *Dean*, 27 Vt. 746; 1 Redf. Wills (3d ed.), 222–3; *Chaffee* v. *Convention*, *&c.*, 10 Paige, 85. A witness must sign his name to a will *animo testandi*. 1 Redf. Wills, § 19, pl. 17; *Adams* v. *Field, supra.*

A will must be signed by the witnesses in presence of each other. There is a broad distinction between the signing of a will by the witnesses and by the testator. The latter may sign at any time, and his acknowledgment is sufficient; but the former must

sign in the presence of each other. Gen. Sts. 377, § 6 ; *Dana* v. *Dana, supra ; Heirs of Blanchard* v. *Heirs of Blanchard*, 32 Vt. 62 ; *Williams, exr.* v. *Robinson*, 42 Vt. 658 ; 1 Redf. Wills, § 19 ; 11 Allen, 49.

The fact that Darling swore that all the witnesses were present and saw each other sign, is not conclusive. *Thornton's Exrs.* v. *Thornton's Heirs*, 39 Vt. 122.

The opinion of the court was delivered by

REDFIELD, J. I. The burden of proof that this instrument is the last will and testament of Jonathan Welch, is upon the proponents. *Williams, exr.* v. *Robinson*, 42 Vt. 658.

The defendants denied that said instrument was executed as a will ·in accordance with the requirements of the statute. The issue thus made, was, by agreement, tried by the court. And the facts found by the court, on exceptions, are as conclusive as if established by a verdict of a jury. This court sits in error upon matters of law : and it would be without its province, to canvass the evidence and carp at the findings of matters of fact, by the court or jury. The court find that Eggleston (who appears as subscribing witness to the will) did not know that said Welch had signed said paper at all ; nor did he know what the paper was that he was signing ; or for what purpose he was signing it. Although it is not necessary that the testator should sign the will in the presence of the witnesses ; and it would be enough that he declared the instrument, which the witnesses were called to attest, to be his will, or his instrument, which he wished them to attest ; yet, we think it necessary that the subscribing witness should know that he was, by affixing his name to the instrument, attesting its execution by the testator. The exceptions state that Eggleston did not know that Welch had signed the instrument at all, nor for what purpose he was signing it. When the attesting witness does not know that he is thereby attesting the execution of the instrument by the testator, nor any other fact, and has no knowledge that the paper he signed was signed or executed by the testator for any purpose, it could not be· said that there was attestation of the execution of the instrument.

A person, to become an attesting witness, must be aware of the character of the act he is called upon to perform, and must subscribe his name *animo testandi*. *Ex parte Leroy*, 3 Bradf. 227 ; 1 Redf. Wills, 241, § 17.

II. But the exceptions state another fact which renders the instrument invalid as a will. The court say : " We are not satisfied that he [Darling] signed it as a witness in the presence of the other signers as witnesses." The burden of proof being upon the proponent, the court, upon the evidence, are unable to find that the persons whose names appear upon the instrument as subscribing witnesses, did sign and attest it as witnesses in the presence of each other. In other words, the evidence failed to establish what the statute requires in order to impress upon the instrument a testamentary character. It was not therefore the last will and testament of Jonathan Welch.

The court have been hard pressed by the learned counsel, to give a new trial upon the ground that upon the face of the exceptions, it is apparent that the county court committed gross errors in finding and stating the facts as established by the evidence. The exceptions do not attempt to state the evidence upon which the facts are found, and no clue is afforded whereby we could have any satisfactory judgment upon its character or weight.

We may infer that Judge Darling wrote the will, and that a person of his intelligence and good character, with two other witnesses present with him and the testator at the time of the execution and attestation of the instrument purporting to be a will, would have attested it in form, as required by the statute. And perhaps there may be some ground for suspicion that the court were in error as to some of the requirements of the statute. But it would be bad in precedent, and subversive of all usage and the express provisions of the statute, to allow arguments, and grope after probabilities, in matters of fact, when the proofs upon which they are found do not appear upon the record. " Questions of law, placed on the record, determined by the county court, may pass to the supreme court for final decision." This court sits in error, upon mere questions of law thus certified by

the county court. The facts found and certified by the county court being true,—and it is not the province of this court to bring them in question,—we find no error in law.

The judgment of the county court is therefore affirmed, and ordered to be certified to the probate court.