## ANDREW E. DENNY, EX'R, v. HEIRS OF HARRIET PINNEY.[*]

### Will, Publication of. Evidence, Rebutting. Practice. Deposition.

1. It is a sufficient publication of a will where the testatrix and the witnesses severally signed it in the presence of each other, although the testatrix did not personally say that it was her will, but the person who drew it for her announced to the witnesses in her presence that it was, and requested them to sign it as witnesses.

2. When one of three attesting witnesses to a will has deceased, and another was present in court and testified to the signing, it was not incumbent on the proponent to produce the other, who resided in another state and not within reach of process, nor, to take his deposition, though he was in this State for a few days during the pendency of the cause.

3. In an action to establish a will the contestant pleaded mental incapacity and undue influence, and the proponent introduced evidence, in the opening, bearing on both points, to prove capacity; the contestant put in evidence to show that the testatrix was weak in body and mind to sustain his plea of undue influence, and the proponent offered in rebuttal evidence relating to the health and activity of the testatrix and her ability to labor; Held, that, the burden being on the proponent to prove the capacity of the testatrix but on the contestant to prove undue influence, the evidence, though cumulative as to one issue, was rebutting as to the other, and admissible.

APPEAL from the probate of the will of Harriet Pinney.

---

[*] Heard May Term, 1887.

Trial by jury, September Term, 1886, POWERS, J., presiding. Verdict sustaining the will. Affirmed.

The will purported to be signed by the said Harriet Pinney and witnessed by F. W. Bartlett, Abbie C. Howes, and Willie F. Baker. It was conceded that said Baker had deceased; and it appeared that said Bartlett, at the time of the trial, was residing in the State of New York, but that, since the cause had been pending, he had been in Northfield for several days, where the testatrix lived the last fifteen years of her life, and where the principal legatee resided; and that the proponent's attorney saw him about taking his deposition, but Bartlett finally went away, and no deposition was taken. The proponent produced in court the said Abbie C. Howes, who testified to the signing of the will by said Harriet Pinney and by herself and by the other two witnesses, all in the presence of each other. The court ruled that the will was established, and it was admitted in evidence.

The proponent in the opening of the case put in evidence as to the state of body and mind of the said Harriet Pinney before, at the time of, and after the execution of the will. After the contestants had closed their evidence, Mrs. Ellen Alvord, the principal legatee, was recalled in rebuttal, and asked the following:

Q. "You have heard what was said about her state of health, activity and labor; tell in short or generally how that was during the last year of her life."

Mr. Shurtleff: "We raise the question that the proponent, having gone into the state of body and mind at the time the will was made, has put in his testimony, and cannot go into it in the close."

The court: "We understand this matter of varying the rules to be a matter of discretion, but we will rule as a matter of law so that you can have an exception."

The answer was admitted, which was favorable to the proponent, to which the defendant excepted.

The other facts are sufficiently stated in the opinion.

*Frank Plumley* and *S. C. Shurtleff*, for the contestants.

It was the duty of the proponent to produce and examine all the attesting witnesses. *Thornton* v. *Thornton*, 39 Vt. 122.

There was no publication of the will. It has been held (*Dean* v. *Dean*, 27 Vt. 746) that no formal publication was necessary; but some act of the testatrix signifying that she meant to give effect to the paper as her will, was necessary. Here she did not write the will, nor in any way, herself, acknowledge the same to be her will to the witnesses, nor request them to sign it; and so far as they knew, the testatrix had no knowledge of its contents. 2 Greenl. Ev. ss. 675, 677, and notes; Schoul. Wills,. 182, 2–7; *Chandler* v. *Ferris*, 1 Har. (Del.) 454.

The burden of proof was on the proponent both as to the execution of the will and the capacity of the testatrix. *Roberts* v. *Welch*, 46 Vt. 164; *Williams* v. *Robinson*, 42 Vt. 658.

The proponent went fully, in the opening, into the question of the testatrix's capacity, and, under rule 23, is confined to evidence legitimate to rebut that given by the defence. Our practice is that of the common law, "and the plaintiff's reply is limited to new points, first opened by defendant." 1 Greenl. Ev. p. 469; *Parker* v. *Hardy*, 24 Pick. 246; *Rawlings* v. *Chandler*, 9 Exch. 687.

*James N. Johnson* and *Heath & Willard*, for the proponents.

There was no error in admitting the will, as proved, to go to the jury. Bartlett, the subscribing witness, was out of jurisdiction of our courts, and, under the circumstances, need not be produced in court.. *Carrington* v. *Payne*, 5 Ves. Jr. 404, 411; *Bernett* v. *Taylor*, 9 Ves. Jr. 381; *Bootle* v. *Blundell*, 19 Ves. Jr. 501; R. L. s. 2056; *Dean* v. *Dean*, 27 Vt. 746; *Thornton* v. *Thornton*, 39 Vt. 122.

The publication of the will was sufficient. The statute does not require a declaration of the testatrix. R. L. s. 2042; *Blanchard* v. *Blanchard*, 32 Vt. 62; *Roberts* v. *Welch*,

46 Vt. 164; *Dewey* v. *Dewey*, 1 Met. 349.   See Schoul. Wills, s. 329.

The testimony of Mrs. Alvord was rebutting as to the evidence presented by the contestant under his plea setting up undue influence.   *Williams* v. *Robinson*, 42 Vt. 658 ; *State* v. *Magoon*, 50 Vt. 339.

The opinion of the court was delivered by

Ross, J.   I. The testatrix and the attesting witnesses severally signed the will in the presence of each other.   The testatrix did not personally say it was her will.   Mr. Baker, who drew the will for her, in her presence announced to the witnesses that it was her will and requested them to sign it as witnesses.   This was a sufficient publication of the will, and gave the witnesses full knowledge of the act they were performing.   The act of the testatrix, in signing the alleged will, in the presence of the witnesses after they had been informed by Mr. Baker that it was her will, and requested to sign it as such, as well as her silence, after the proclamation by Mr. Baker, was an affirmance, by the testatrix, and an acquiescence in the announcement by Mr. Baker.   It was all the publication required, as it fully informed the witnesses, with the testatrix's implied assent and approval, of the nature of the act they were asked to perform.   *Roberts* v. *Welsh*, 46 Vt. 164; *Dean* v. *Dean*, 27 Vt. 746.

II. It was not incumbent upon the proponent to produce the attesting witness Bartlett in court.   He was beyond reach of process.   The English practice adopted by this court requires the proponent only to proceed and examine such of the attesting witnesses as are within reach of process.   *Thornton* v. *Thornton*, 39 Vt. 122.   He must be within reach of process, and legally obtainable at the trial.   It was no more the legal duty of the proponent to procure the deposition of such a witness, who resided beyond the reach of process, than it was the duty of the contestants ; nor was it any more his duty to produce the deposition of such a witness, because he had an

opportunity to take his deposition when the witness happened to be in the State, than if the witness remained all the time without the State, provided the proponent knew his residence. In neither case could he produce the witness upon the trial, and examine him. The practice here and in England, has never required the production of the deposition of such a witness. To make such a deposition of value the instrument proposed must be produced to the witness identified. It would be difficult and objectionable to do this. The proposed instrument is required to be deposited with the Probate Court, and, for proof before that court, is not within the control of the proponent without an order of the court, even if it is after the allowance of an appeal to the County Court. Besides, more or less danger attends the removal of a proposed will from the State for such a purpose. There was no error in the action of the County Court in regard to the production of the deposition of this witness.

III. Was the testimony of Mrs. Ellen Alvord rebutting, when recalled after the contestants had closed their testimony? The contestants by their pleas raised two issues,—incapacity and undue influence. As to the first, the burden of proof was on the proponent. *Williams, ex'r,* v. *Robinson,* 42 Vt. 658. When the due execution of the will, and testamentary capacity of the testatrix, were proved, the law presumed, she intended that the legal results of her act should follow. Hence on the issue in regard to undue influence the contestants went forward. On the issue in regard to the mental capacity of the testatrix, the state of the health of the testatrix, her activity and ability to labor, bear indirectly. Hence the proponent introduced evidence bearing upon these points in his opening. Just what he showed the exceptions do not state. But this class of testimony bore also quite as directly upon the issue as to undue influence, in regard to which the contestants took the laboring oar. From the question excepted to, put to Mrs. Alvord, it is apparent that the contestants had gone into this class of testimony on the issue in regard to undue influence ;

for, the question only called the witness' attention to the testimony on these points introduced by the contestants. The testimony called for by the question would be in rebuttal to the contestant's evidence on the issue in regard to undue influence. It would also bear cumulatively upon the issue made in the opening by the proponent in regard to the capacity of the testatrix. Hence, in one view it was strictly in rebuttal, and in another cumulative, dependent upon the issue to which it applied. It was therefore legally admissible in rebuttal on the issue in regard to undue influence. It could not be made inadmissible because from the nature ·of the issues it bore indirectly, and was cumulative upon the issue as to the capacity of testatrix. To hold otherwise would be a too strict and narrow construction of this rule requiring each party to put in his full case on the issues resting upon him, and would often make the rule intended for the furtherance of justice, work surprise and injustice. The admission of such testimony, in a case where the issues are thus made, cannot be said to be an infraction of the rule, in letter, or in spirit.

The judgment of the County Court is affirmed, and ordered to be certified to the Probate Court.