---

In re KINGS, Q. & S. R. CO.

(Supreme Court, Appellate Division, Second Department. June 16, 1896.)

1. RAILROAD COMPANIES—CERTIFICATE OF CONVENIENCE AND NECESSITY—POWER OF COMMISSIONERS.

On an application to the board of railroad commissioners for a certificate that public convenience and necessity require the construction of the road, it is the duty of the commissioners to determine whether there has been a compliance with Laws 1892, c. 676, § 2, subdivision 13, providing that a certificate of incorporation shall be void unless at least 10 per cent. of the capital stock has been paid in cash.

2. SAME—REVIEWING DECISION OF COMMISSIONERS.

On an application to review the decision of railroad commissioners refusing a certificate of public convenience and necessity, the burden is on the moving party to show affirmatively that the board erred.

Application by the Kings, Queens & Suffolk Railroad Company for an order directing the state board of railroad commissioners to issue a certificate of public convenience and necessity, pursuant to Laws 1892, c. 676, § 59. Denied.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

John Sabine Smith, for applicants.

William J. Kelly, for Long Island & New York and Rockaway Beach Railroad Companies.

HATCH, J. The application by the present railroad company for the certificate required by section 59 of the general railroad law has been denied by the state board of railroad commissioners, and by this proceeding the railroad company asks for a reversal of such action, and for an order of this court directing said board to issue such certificate. The method of procedure is modern, as applied to the organization of railroad companies, but the rules which govern applications of this character, while comparatively new, are nevertheless fairly well settled, and the province of this court as a tribunal of review is established and practically defined by authority. The application for a certificate was denied by the board of railroad commissioners upon two grounds: First, that the railroad company had no legal existence as a corporation; second, that public convenience and a necessity did not require the construction of the proposed road. The basis of the first determination consisted in the fact that 10 per cent. of the minimum amount of capital stock had not been paid in in cash to the directors named in the certificate, as required by subdivision 13 of section 2 of the railroad law. It was testified to upon the hearing before the board, by the president of the railroad company, that no cash had been paid to the railroad company on account of any subscriptions for stock; that a check had been drawn by the company for $3,750,—that sum being 10 per cent. of the subscriptions upon the minimum amount of the capital stock, to the order of three directors of the company. But this check had never been indorsed by the persons to whose order it was drawn, no money had ever been paid thereon, and at the time of the hearing the president of the company had the check in his possession. To meet this dilemma, the attorney for the company gave proof tending to show that the failure to collect the money upon the check and pay the same to the treasurer of the company was the result of inadvertence; that in fact money to the amount of $60,000 and upwards had been paid in by subscribers to the stock, all of which was subject to check; and he produced the cashier of the bank upon which the check was drawn, and where the money was deposited, who offered to certify the same as good, in the presence of the board. The board declined to direct the check to be certified, and the case was submitted to the board for their determination as respects this question upon these facts. The penalty which the law prescribes for a failure to pay at least 10 per cent. of the subscription to the capital stock in cash is to

render the filing of any certificate void. Railroad Law, § 2, subd. 13. There is no qualification in favor of an inadvertent act, and no saving clause for failure, however occasioned. The requirement is imperative, the penalty absolute. The applicant, in seeking to avoid the force of the statute, makes two answers: First, that the board of commissioners had nothing whatever to do with this question, as it was not within their province to determine; and, second, that the filing of the certificate constituted the company a de facto corporation, and, except by action at the instance of the people, through the attorney general, their legality as a corporation could not be inquired into. The requirement of the law is that the petitioner must have regularly complied with the statute at the time it makes application to the board for its certificate. The petition in this proceeding so stated. The board is only authorized to act where there has been compliance with the law, and the whole proceeding until final authority is given to construct a railroad is tentative only. The corporation does not acquire its full franchises until the final certificate is given, and until that time arrives it is not only within the province of the board, but it is its duty, to make inquiry into all prior proceedings in order to determine that the thing which applies for its certificate is of a character which the law recognizes, and to which it contemplated a certificate should be given. Such inquiry upon the part of the board in the present case led them to the conclusion—and the only one permissible upon the evidence—that the petitioner, which called itself a corporation, was not such in fact and law. In fact it was nothing which the statute recognized, and in consequence the board had no authority to grant it a certificate. As applied to this proceeding, the company was in no sense a de facto corporation. Corporations are many times upheld as de facto organizations where they have exercised acts of user, and where, for the protection of property rights and vested interests, it is presumed to be a legal body. But such cases have no application where the corporation has exercised no functions, and where, by the proceeding itself, it seeks to be invested with corporate life and function. It is at that time subject to inspection for the very purpose of determining that it exists as a legal body, and for the further purpose of considering whether, its legality being established, it ought to be permitted to do the things which it was organized to do. But, however it be treated, the statute made its certificate void. All that it had done, therefore, was a nullity. In Brooklyn Steam Transit Co. v. City of Brooklyn, 78 N. Y. 524, the command of the statute to the company was that it be organized and construct at least one mile of railroad within three years thereafter, and for failure "all the powers, rights, and franchises herein and hereby granted shall be deemed forfeited and terminated." It failed of compliance, and the court held that for such failure it died as a corporation by the power of the statute. It was insisted there, as here, that it did not lose its charter, and that its corporate functions did not cease, and could not cease, by the adverse action of any power, save through suit by the people, instituted by the attorney general for that purpose. The court condemned the

claim and held that it was the legislative intent that the corporate power should cease, derived from the language used; that the statute created a forfeiture and not merely a cause for forfeiture. The language of the statute was less severe in that case than the present, for here it makes it void. This case has been cited with approval many times. In re Kings County El. R. Co., 105 N. Y. 97–119, et. seq., 13 N. E. 18. The following cases decide the same principle: In re Brooklyn W. & N. Ry. Co., 72 N. Y. 245; Farnham v. Benedict, 107 N. Y. 159, 13 N. E. 784; 1 Thomp. Corp. § 226. It has always been the rule that a void judgment was neither protection nor authority for any act, and that it might be attacked collaterally in any proceeding. Chambers v. Clearwater, 1 Abb. Dec. 341; Osterhout v. Hyland, 27 Hun, 167. The same principle is applicable to this proceeding, and the board of commissioners were bound, in the discharge of their duty, not only to notice the invalidity, but to act upon it.

So far as the denial of the certificate proceeded upon the ground that the public convenience would not be conserved, and necessity did not require the construction of the road, we are of opinion that the determination of the board must be upheld. The evidence satisfactorily established that the proposed road for all practical purposes paralleled the roads of the remonstrants, and would have a tendency to destroy and impair vested property rights without materially resulting benefits. This condition made a case within the spirit of the railroad law, and justified the conclusion which the commissioners reached. Heretofore, in disposing of a similar question, we used this language:

"The burden rests upon the petitioner to show affirmatively that the commissioners erred in their determination, and the commissioner should be credited with some technical knowledge which this court is not presumed to possess." In re New Hamburgh & P. C. R. Co., 76 Hun, 76, 27 N. Y. Supp. 664.

This view has been adopted in other departments of the state. In re Amsterdam, J. & G. R. Co., 86 Hun, 578, 33 N. Y. Supp. 1009; In re Depew & S. W. R. Co., 92 Hun, 406, 36 N. Y. Supp. 991.

We do not feel called upon to review all of the testimony which the commissioners had before them. We are content now to say that within the rule of these authorities the conclusion is easily sustained. So far as the affidavits and petitions of various persons resident in Brooklyn and elsewhere, which form so large a part of the record in this proceeding, are concerned, and so far as the charge of maintaining a monopoly finds place, we think that the discussion and decision in the Amsterdam Case, supra, as well as the reasons assigned by the commissioners, furnish a sufficient answer. We are not able to see, from a consideration of the whole of the proceedings, that the determination is contrary to the clear weight of the testimony, and in consequence we are not authorized to interfere with the conclusion on this ground.

It follows that the application should be denied, with costs. All concur.