(75 App. Div. 106.)

PEOPLE ex rel. LONG ISLAND R. CO. v. BOARD OF R. R. COM'RS OF NEW YORK et al.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. RAILROADS — CERTIFICATE OF INCORPORATION — ACKNOWLEDGMENT—SUFFICIENCY.
    Laws 1890, c. 565, § 2, provides that 15 or more persons may incorporate to build a railroad by executing, acknowledging, and filing a certificate. Laws 1892, c. 677, provides that such instruments may be acknowledged in the same manner as real estate deeds. Laws 1896, c. 547, provides that acknowledgments of real estate deeds can be made only by the person who executed the conveyance, and that such proof can be made only by some other person, who was a witness, and subscribed his name as a witness. A certificate of incorporation was signed by fifteen incorporators, only four of whom acknowledged its execution before a commissioner of deeds. On the paper was an affidavit of one of the four, seeking to make proof of the execution by the other eleven. His signature did not appear on the instrument as a subscribing witness. Held, that the instrument was insufficient to create a corporation.

2. SAME—DETERMINATION OF RAILROAD COMMISSIONERS.
    Determination of the board of railroad commissioners that a certificate of incorporation of a railroad company was sufficient may be questioned by a private corporation.

Certiorari by the state, on the relation of the Long Island Railroad Company, against the board of railroad commissioners to review a determination of that body. Determination reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, EDWARDS, FURSMAN, JJ.

William J. Kelly, for relator.
Augustus Van Wyck, for respondent Cross County R. Co.

SMITH, J. With the determination of the commissioners that public convenience and necessity require the construction of the proposed road, we are not inclined to interfere. At the threshold of the proceeding, however, the legality of respondent's incorporation is questioned. The certificate of incorporation was signed by fifteen incorporators. Four of these incorporators acknowledged the execution of

the instrument before a commissioner of deeds in the city of Brooklyn. None of the other incorporators made acknowledgment, but there appears upon the paper an affidavit signed by Joseph McClean, one of the four incorporators who did acknowledge the instrument, in which he seeks, as a subscribing witness, to make proof of the execution of the instrument by the other eleven incorporators. Upon the instrument his signature appears only as an incorporator. It nowhere appears in form as a subscribing witness. The relator contends that this certificate is insufficient in law to create a corporation, and therefore that the determination of the board of railroad commissioners was unauthorized. By section 2 of the railroad law (Laws 1890, c. 565) it is provided that:

"Fifteen or more persons may become a corporation for the purpose of building, maintaining and operating a railroad, or maintaining and operating a railroad already built not owned by a railroad corporation, or for both purposes, by executing, acknowledging and filing a certificate in which shall be stated," etc.

By section 15 of the statutory construction law (Laws 1892, c. 677) it is provided:

"When the execution of an instrument or writing is authorized or required by law to be acknowledged or to be proven so to entitle it to be filed in a public office, the acknowledgment may be taken, or the proof made before any officer then and there authorized to take the acknowledgment or proof of the execution of a deed of real property to entitle it to be recorded in a county clerk's office, and shall be made and certified in the same manner as such acknowledgment or proof of such deed. The terms acknowledge and acknowledgment when used with reference to the execution of an instrument or writing other than a deed of real property, includes a compliance with the provisions of this section by either such proof or acknowledgment."

By section 242 of the real property law (Laws 1896, c. 547) it is provided:

"Except as otherwise provided by this article, such acknowledgment can be made only by the person who executed the conveyance, and such proof can be made only by some other person who was a witness to its execution, and at the same time subscribed his name to the conveyance as a witness."

The statute requires not only the execution, but the acknowledgment, of this certificate of incorporation. The legislature has deemed it necessary for some further formal act than the mere signature of the instrument. That signature is to be attested by a public officer, or by a witness who subscribed the instrument as such. There is authority for holding that a party to an instrument cannot be a subscribing witness unless expressly authorized by statute. Coleman v. State, 79 Ala. 49; Townsend v. Downer, 27 Vt. 119. But whether or not the purpose of the law could be accomplished by the signature of one as a subscribing witness to the signature of his co-grantor, irrespective of the statute last cited, we think it could not be accomplished except by his signature as a subscribing witness. The formality of an acknowledgment required by the statute as an additional guaranty of the signature is required of each incorporator. If of several incorporators one only need acknowledge, and proof as to the signatures of the others may be made by him, though not signing as a subscribing witness, the purpose of the statute is evaded, because as to

the other incorporators no formality has been required other than the mere signature of the instrument. It seems clear, therefore, that the condition of the statute has not been complied with; that no proper instrument has been filed as required by the statute to constitute re-- spondent a corporation.

It is objected, however, on the part of the respondent that this question is not properly before us, and that, if the incorporation is imperfect, the right to question the same lies only with the state through its attorney general. Whatever might be our views were the question res nova, we are foreclosed from its consideration by decisions which we deem to be of authority. In Re Kings, Q. & S. R. Co., 6 App. Div., at page 241, 39 N. Y. Supp. 1004, an application for a similar certificate had been made to the railroad commissioners, who denied the same, stating as one of the grounds therefor that the railroad company had no legal existence as a corporation. An appeal was taken to the Second department, which sustained the position of the railroad. commissioners. Upon that appeal the appellant insisted that the board of railroad commissioners had nothing whatever to do with that question, as it was not within their province to determine. The court, however, overruled their objection, and held that the question was properly before the railroad commissioners, and must first be determined by them. The opinion, in part, reads:

"The requirement of the law is that the petitioner must have regularly complied with the statute at the time it makes application to the board for the certificate of public convenience and necessity. The petition in this proceeding so stated. The board is only authorized to act where there has been compliance with the law, and the whole proceeding, until final authority is given to construct a railroad, is tenative only. The corporation does not acquire its full franchises until the final certificate is given, and until that time arrives it is not only within the province of the board, but it is its duty, to make inquiry into all prior proceedings, in order to determine that the thing which applies for the certificate of public convenience and necessity is of a character which the law recognizes, and to which it contemplated that a certificate should be given. Such inquiry upon the part of the board in the present case led them to the conclusion—and the only one permissible upon the evidence—that the petitioner, which called itself a corporation, was not such in fact and law. In fact, it was nothing which the statute recognized, and in consequence the board had no authority to grant it a certificate."

This case was followed in Re Riverhead, Q. & S. R. Co., 36 App. Div. 514, 55 N. Y. Supp. 938.

These considerations lead to a reversal of the determination here under review. Determination of the railroad commissioners reversed, with costs. All concur.