PEOPLE ex rel. ERIE R. CO. v. BOARD OF RAILROAD COM'RS et al. PEOPLE ex rel. CONKLIN et al. v. SAME. PEOPLE ex rel. LEONARD et al. v. SAME.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

1. RAILROADS—APPLICATION FOR CERTIFICATE OF PUBLIC NECESSITY—DUTY OF BOARD.

On an application to the board of Railroad Commissioners, by an alleged railroad corporation, for a certificate of public convenience and necessity, under Railroad Law, § 59 (Laws 1890, p. 1082, c. 565, as amended by Laws 1892, p. 1395, c. 676, and Laws 1895, p. 317, c. 545), it is the duty of the board to make inquiry into the prior proceedings of the alleged railroad company, to ascertain whether the alleged company is of a character which the law recognizes, and to which it is contemplated that the certificate shall be given.

**2. SAME—CERTIFICATE OF INCORPORATION—ACKNOWLEDGMENT.**

> Under Laws 1890, p. 1082, c. 565, § 2, requiring certificates of incorporation to be executed and acknowledged by 15 or more persons, the acknowledgments cannot be taken before one of the signers of the certificate.
>
> [Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Acknowledgment, §§ 89, 104–106; vol. 12, Cent. Dig. Corporations, § 59.]

Three separate writs of certiorari by the people on the relation, respectively, of the Erie Railroad Company, of George R. Conklin and others, and of Henry M. Leonard and others, against the Board of Railroad Commissioners of the state of New York and others, to review a determination of that body. Determination reversed.

Three writs of certiorari, all issued out of the Supreme Court—one granted on the petition of the Erie Railroad Company, and attested on the 7th day of April, 1904; one issued on the petition of Henry M. Leonard and others, and attested on the 13th day of April, 1904; and one issued on the petition of George R. Conklin and others, and attested on the 13th day of April, 1904— all directed to the Board of Railroad Commissioners of the state of New York, and to the persons constituting such commissioners, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings in granting to the Intervale Traction Company a certificate of public convenience and necessity, under section 59 of the railroad law (Laws 1892, p. 1395, c. 676; Laws 1895, p. 317, c. 545). On the 4th day of June, 1904, the Intervale Traction Company was granted leave to appear as a party defendant in the proceedings; and, by stipulation, but one return was made by the Railroad Commissioners, and the three proceedings were heard together.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Bacon & Merritt, L. W. Y. McCroskery, and W. H. Wyker (Henry Bacon, of counsel), for relators.

Lewis Stotesbury and Graham Witschief, for respondent Intervale Traction Company.

CHASE, J. On an application to the Board of Railroad Commissioners by an alleged railroad corporation for a certificate of public convenience and necessity, under section 59 of the railroad law (chapter 565, p. 1082, Laws 1890, as amended by chapter 676, p. 1395, Laws 1892, and chapter 545, p. 317, Laws 1895), it is the duty of the Railroad Commissioners to make inquiry into the prior proceedings of the alleged railroad company, to ascertain and determine whether such alleged railroad company is of a character which the law recognizes, and to which it contemplated that a certificate should be given. People ex rel. L. I. R. Co. v. Board of R. R. Com'rs, 75 App. Div. 106, 77 N. Y. Supp. 380; Matter of Kings, Queens & Suffolk R. Co., 6 App. Div. 241, 39 N. Y. Supp. 1004.

A valid and sufficient certificate of incorporation of the Intervale Traction Company lies at the very foundation of its right to make the application to the Railroad Commissioners. The certificate of incorporation must have been executed and acknowledged by fifteen or more persons, and filed as provided by statute (Laws 1890, p. 1082, c. 565, § 2). People ex rel. L. I. R. Co. v. Board of R. R. Com'rs, supra. If not so executed and acknowledged, the determination of the Railroad Commissioners must be reversed. Peo-

ple ex rel. L. I. R. Co. v. Board of R. R. Com'rs, supra. The certificate of incorporation of said company was signed by 16 persons. Concededly, ten of such persons duly acknowledged the same. The claimed acknowledgment of 3 of the other six persons signing said certificate of incorporation is included in a certificate as follows:

"On this 6th day of January, 1902, before me, the subscriber, personally came Charles A. Burt and Albert S. De Vean, and on this 7th day of January, 1902, before me personally came Frank W. Harrington, and on this 14th day of January, 1902, before me personally came Charles D. Hobbs and Charles W. Griffith, each to me known and known to me to be the persons described in and who executed the foregoing certificate for the purposes therein set forth, and they severally duly acknowledged to me that they executed the same."

Said Albert S. De Vean and Frank W. Harrington, so named in such certificate of acknowledgment, are in no way named in the certificate of incorporation, and they did not, nor did either of them, sign the same. The certificate shows that the notary acted three times, and each time on a different day. We do not see how his acts and certificate could have been inadvertent. Whether said certificate was a part of some other instrument, and wrongfully annexed to the certificate of incorporation, or whether by some unexplained mistake the notary certified to acknowledgments never taken by him, does not appear; but there is a yet more serious trouble, arising from the fact that the acknowledgments of the remaining three persons who signed said certificate of incorporation were taken before one of the other of said sixteen persons signing the same, which person signed the certificates of acknowledgment as a notary. The notary so taking the acknowledgment of three of his fellow incorporators was one of the members of a committee of incorporators, acting as its treasurer, and was subsequently elected treasurer of the alleged corporation.

The relators contend that the certificate of incorporation is insufficient, in law, to create a corporation, by reason of the fact that fifteen or more persons did not duly acknowledge such certificate. If the acknowledgment of three of the persons who signed said certificate of incorporation taken before one of the others so signing the same is a nullity, the contention of the relators must prevail. It was held in this court, in the case of Armstrong v. Combs, 15 App. Div. 246, 44 N. Y. Supp. 171, that a party to the record is disqualified from taking an acknowledgment of an instrument. In that case one of the members of a partnership took the acknowledgment of the grantor to an assignment of a mortgage to the partnership in its firm name, and this court then said:

"The object of acknowledgment and record is to make title secure and prevent frauds in conveyancing, as well as to furnish proof of the due execution of conveyances. A history of the practice on that subject in this state will be found in Van Cortlandt v. Tozer, 17 Wend. 338. The early acts will be found in 3 Rev. St. (1st Ed.) Append. 5–46. It is very plain that, when the right to acknowledge was provided for, it was not contemplated that the officer could be one of the parties to the instrument. The object of the act, and the manner in which it was required to be done, were utterly inconsistent with such an idea. A good deal of the formality has since disappeared, but the object remains, and the law should be construed in the light of its original ob-

ject and scope. The statute does not, in terms, say that a grantee may or may not be the acknowledging officer. It should not be deemed to give that right without an express provision to that effect. 'A thing within the letter is not within the statute if contrary to the intention of it.' People v. Utica Ins. Co., 15 Johns. 358, 8 Am. Dec. 243; Riggs v. Palmer, 115 N. Y. 506, 22 N. E. 188, 5 L. R. A. 340, 12 Am. St. Rep. 819; Smith's Comm. on State Const. Law, § 701. It should be held, I think, that the acknowledgment before one of the assignees was a nullity. He was a party to the record, and therefore disqualified."

In that case it was stated that in other states it is quite uniformly held that an acknowledgment by the grantor taken before the grantee is a nullity, and many authorities are cited, and many other authorities could be cited, to the same effect.

If three of the sixteen persons signing the certificate of incorporation could duly acknowledge the same before one of the other persons signing such certificate, then the acknowledgment of all the signers could have been taken before fellow incorporators, and the execution of the certificate of incorporation would be wholly apart from the official act of any disinterested person, and its execution would be but little more sacred than if the acknowledgments were wholly omitted. A person authorized to take acknowledgments could, as a grantee, forge the name of the grantor, and add thereto, in his official capacity, a certificate of acknowledgment, and then have such fraudulent instrument of conveyance recorded. So, too, such person, being the owner with others, as tenants in common, of property, could sign for himself and acknowledge a conveyance, and then forge the signature of the other owners, and add thereto, in his official capacity, a certificate of acknowledgment as to them, and deliver such conveyance to a grantee, and perhaps secure the proceeds of such fraudulent conveyance. The immediate results of a fraud committed by a co-grantor might be greater than in the case of a fraud committed by a grantee. In a certificate of incorporation or other paper where an acknowledgment of the parties signing the same is necessary, a fraud could be committed by one of the signers by a false certificate of acknowledgment of persons actually signing the certificate or instrument, or by the forgery of some of the names, and a certificate of acknowledgment as to such forged names; and, although it might be difficult to obtain much practical benefit from such fraud in a certificate of incorporation before the same could be discovered, yet the Legislature has seen fit to make the certificate of incorporation dependent on its being signed by a specific number of persons, and on its being duly acknowledged by them. I can see no distinction or reason that requires that an acknowledgment of a grantor taken by a grantee shall be held a nullity, and that would permit or uphold an acknowledgment taken by one of several grantors of a conveyance or one of several signers of an instrument in which all are interested. Because of the probative force accorded to the certificate of acknowledgment, as well as the usually important consequences of the instrument itself, public policy forbids that the act of taking and certifying the acknowledgment should be exercised by a person financially or beneficially interested in the transaction. Cyc. vol. 1, p.

553. It is a general rule that an officer who is a party to a conveyance, or interested therein, may not take the acknowledgment of the grantor, and an acknowledgment so taken would be a nullity, so far as third persons are concerned. 1 Am. & Eng. Ency. of Law (2d Ed.) 493. We are not aware of any authority in this or other states upholding an acknowledgment taken by a person financially or beneficially interested in, and a party to, the conveyance or instrument of which it is a part. See 1 Century Digest, 868 et seq., and subsequent American Digest Annuals. All of the signers of a certificate of incorporation have a very material financial and other interest in upholding the certificate. The purpose of an acknowledgment is to require greater formality in the execution of an instrument, and by not only requiring greater formality, but by thus obtaining an official act of a disinterested person, prevent, so far as possible, the perpetration of fraud.

It is unnecessary to consider the other serious objections raised by the relators, as it is assumed that, if the promoters of the proposed railroad commence de novo, they will be more deliberate and careful in their proceedings.

The determination of the Railroad Commissioners should be reversed.

Determination of Railroad Commissioners reversed, without costs. All concur.