In the Matter of the Probate of the Last Will and Testament and the Codicil Thereto of MARY A. MCDONOUGH, Deceased.

ALICE C. JACKSON, Appellant; MARY McD. SULLIVAN, Individually and as Executrix, etc., of MARY A. MCDONOUGH, Deceased, Respondent.          Third Department, May 3, 1922.

Wills — execution — codicil showing indications of forgery and signed by one person as witness and by another as notary public denied probate — burden rests upon proponent to prove genuineness and due execution — subscribing witness defined — requirements of law governing execution of wills not to be ignored — rule as to witnesses to be strictly complied with.

An alleged codicil to a will which bears suspicious marks of forgery and which is signed by one person designated as a witness and by another person designated as a notary public, whose signature appears under a jurat, such capacities of the two persons being substantiated to a large extent by their testimony, will be denied probate.

The burden of proving genuineness and due execution rests upon the proponent.

A subscribing witness is one who was present when the instrument was executed and who at the time subscribed his name to it as a witness to its execution.

A substantial compliance with the statutory formula governing the execution of a will may suffice but the liberality of the judicial rule which tends to accomplish justice in a proper case cannot be strained to the point of ignoring the requirements of the statute.

The rule as to witnesses to a will should be as strictly complied with as the rule in respect to a subscribing witness for the purpose of authenticating a certificate of incorporation or the rule in respect to a subscribing witness to a deed.

APPEAL by Alice C. Jackson from so much of a decree of the Surrogate's Court of the county of Albany, entered in the office of said Surrogate's Court on the 31st day of January, 1921, as denies probate to the codicil to the last will and testament of Mary A. McDonough, deceased.

*Daniel S. Flinn* [*J. F. Lucey* of counsel], for the appellant.

*Daniel J. Dugan* and *Edwin W. Sanford*, for the respondent.

HINMAN, J.:

The surrogate denied probate of the alleged codicil upon the ground that one of the alleged witnesses did not sign as an attesting witness but as a notary public certifying to the oath of the executrix and of one attesting witness. The respondent further contends that the codicil is not genuine. This is the codicil:

" ST. PETERS HOSPITAL<br>July 1–1920

" I, undersigned being sick I–I wish to make this change in my last will. On account of the kindness of my Sister Mrs. Alice

Jackson. I give her forever my Piano my Diamond ring also my Victrola to be paid for out of my estate I also give her my Jewelry of any and all kinds may God bless her for her kindness to me

> " Signed by me
> " MARY A. McDONOUGH

Signed Witness }
in each others } Mr. JOHN J. KAHN
presence }       502 Wash. Ave.

[NOTARY'S SEAL]

" Sworn to before me
     this first day of July, 1920.      FRANK L. WEAVER
                                  " *Notary Public.*"

The will was admitted to probate. The testatrix was survived by four brothers and one sister and several nephews and nieces. All were remembered by substantial bequests in the will. The sister, Alice Jackson, was the largest beneficiary and was also made the residuary legatee and devisee. Mary McD. Sullivan, a niece, was bequeathed the piano mentioned in the codicil. The diamond ring was apparently bequeathed to one of deceased's brothers. The victrola was not specifically mentioned and would have passed to Alice Jackson under the will. Various pieces of jewelry were mentioned in the will as being bequeathed to various of her relatives other than Alice Jackson and to friends. Mary McD. Sullivan, to whom the piano was bequeathed under the will, was made the executrix thereunder. The will was apparently prepared with very great care and was executed about a year and one-half prior to the date of the alleged codicil. Apparently the will was drawn and executed under the advice of a competent attorney, one of the witnesses being her attorney. The codicil in form and contents does not reflect the discriminating judgment and care indicated in the will and does not contribute confidence as to its genuineness. Moreover, we are not free from doubt of the credibility of the testimony of some of proponent's witnesses. Some suspicion arises from the fact that the handwriting of the body of the instrument, which we have carefully examined, is said to be that of the testatrix, whereas we are convinced that it is not. Comparison of the same with the handwriting, in evidence, of the beneficiary under the codicil, reveals striking similarities. The signature of the alleged testatrix is distinctly at variance in several respects with her undisputed signature. In this respect we are inclined to agree with the opinion expressed by the experts on handwriting. The testimony of the alleged witnesses to the execution, both as to publication by the testatrix and as to whether

Weaver, the notary public, was requested to witness the will, is unsatisfactory. The burden of proving genuineness and due execution rests upon the proponent. (*Matter of Jacobs*, 76 Misc. Rep. 394; *Matter of King*, 89 id. 638.)   We are not free from doubt as to the genuineness of the paper offered as a codicil and on that issue we cannot say that the burden cast upon the proponent has been met.

The same is true with reference to due execution.   Section 21 of the Decedent Estate Law provides that " there shall be at least two attesting witnesses, each of whom shall sign his name *as a witness*, at the end of the will, at the request of the testator."   The intention was that there should be a signature " as a witness." If the capacity in which a person signs does not appear to be that of a witness but as a notary public purporting to take an oath, the statute has not been complied with.   We are unwilling to say that the learned surrogate was in error in reaching the conclusion that the intent was to act as a notary and not as an attesting witness.

A subscribing witness is one who was present when the instrument was executed and who at that time subscribed his name to it as a witness of the execution. (*Hollenback* v. *Fleming*, 6 Hill, 303; *Matter of Clute*, 3 Mills, 8; *Henry* v. *Bishop*, 2 Wend. 575; *Earley* v. *St. Patrick's Church Society*, 81 Hun, 372; *Pritchard* v. *Palmer*, 88 id. 415; *Ex parte Le Roy*, 3 Bradf. 227.)

Weaver was not shown to be a proper attesting witness under the law of wills, which prescribes a specific formula for safeguarding the rights of testators generally.   A substantial compliance with the statutory formula may suffice but the liberality of the judicial rule which tends to accomplish justice in a proper case cannot be strained to the point of ignoring the requirements of the statute. A third person who had been present on the occasion of the execution of such an instrument but who had not signed or been asked to sign as an attesting witness might be a very satisfactory witness as to what transpired, but he would not constitute an attesting witness in fulfillment of the statute which requires one to be selected and requested to act as such and to sign his name as such. The request to act as attesting witness signifies an abiding trust and confidence in the one chosen, which is obviously desirable where death is to separate the act from the proof of it.   Prudent persons usually choose well under such circumstances in order that they may feel assured that their purposes which they will be powerless to carry out themselves, may be accomplished and not thwarted.   And since the most manifest evidence of the choosing of the person to act as a witness is exhibited in what appears on

the face of the instrument itself, it becomes important that there shall appear to be a signing in the capacity of witness.

For a person to be able to claim that he was a witness to an instrument he must sign as such and the mere fact that his name is on the paper for some other reason will not be considered sufficient to constitute one a subscribing witness for the purpose of authenticating a certificate of incorporation (*People ex rel. Long Island R. R. Co.* v. *Board R. R. Comrs.*, 75 App. Div. 106), or for the purpose of treating a disqualified notary public as a subscribing witness to a deed. (*Mutual Life Ins. Co.* v. *Corey*, 54 Hun, 493.) The rule as to witnesses to a will should be as strictly complied with.

The codicil in question lacks at the outset the presumption of due execution which arises when there is apparent compliance with the statute, evidenced by the codicil itself when in due form, with attestation clause reciting a compliance therewith and signatures of testator and subscribing witnesses in their appropriate place upon the instrument. (*Matter of Booth*, 127 N. Y. 109; *Matter of Cottrell*, 95 id. 329; *Morris* v. *Kniffin*, 37 Barb. 336.)

In the present case if there is any presumption it manifestly runs to the contrary, since the appearance of the instrument, lacking attestation clause, using " witness " in the singular number instead of the plural and having a jurat subscribed by a person as notary, gives *prima facie* evidence of a subscription by one witness only and of a signing by the third person as notary, not as a witness.

When to this is added the testimony of the witnesses, we cannot say that the necessary formalities were complied with. The paper purports to do what the witnesses seem to have confirmed. There is some variance in the testimony of Weaver ,as to whether she asked him to " witness " it, but the preponderance of his testimony, which is not contradicted by the other witness, is that she simply asked him to sign and take their oath to it and put the seal on. By his unquestioned act of swearing the witness Kahn he differentiated the quality of the act of Kahn from that of his own and thereby indicated that the real actors in the matter were the deceased and Kahn. He considered himself simply an officer to take their oaths, and not otherwise a participant. We are not satisfied that the genuine intention that he should and did subscribe as an attesting witness accompanied either her request or his act.

Since the proponent, the appellant here, has not met the burden of proof as to either genuineness or due execution the decree of the surrogate should be affirmed, with costs.

Decree unanimously affirmed, with costs.