ANONYMOUS.

## TAYLOR *against* HATCH.

*An affidavit will not be allowed to be read in support of a motion, if taken before an attorney in the cause.*

SKINNER was about to read an affidavit, in support of a motion in this cause, when *Walworth* objected, that the affidavit had been taken before the attorney for the plaintiff, who was a *commissioner* for taking affidavits, to be read in this court. He cited the rule of the court of K. B., in *England*, and 3 *Term Rep.* 403. *King* v. *Wallace.*

*Per Curiam.* The practice of the court of K. B. is, not to allow an affidavit taken before the attorney in the cause to be read. It is a very fit and proper rule, which we shall, therefore, adopt as the practice here. As the party may, however, have been led into a mistake as to the practice, we give him leave to withdraw his motion, and to renew it again, at the next term, on a proper affidavit.(*a*)

(*a*) *Tidd's K. B. Pr.* 451. But an affidavit to hold to bail may be taken before a commissioner, though attorney for the plaintiff. *Tidd's Pr.* 155.

---

## ANONYMOUS.

*A judgment may be reversed in part, and affirmed in part; but in such case no costs are allowed on either side.*

IN this case, on a writ of error, the judgment of the court below had been reversed in part, and affirmed in part, and the only question was as to the costs.

*Per Curiam.* There is no doubt that a judgment may be reversed in part, and affirmed in part.(*b*) But the statute speaks only of the entire affirmance or reversal of a judgment. (1 *N. R. L.* 346. sess. 36. c. 96. sec. 13.) We think that no costs, in this case, are to be allowed on either side.

(*b*) *Smith* v. *Jansen*, 3 *Johns. Rep.* 111. *S. P.* 558.