## SUPREME COURT.

### GILMORE agt. HEMPSTEAD et al.

It is *irregular* for a complaint to be sworn to. before the *plaintiff's attorney*, but it cannot be treated as a *nullity*. The defendant's remedy should be by motion (the first opportunity) to set it aside.

*Albany Special·Term, Oct.* 1849.—Motion to set aside the proceedings of plaintiff after judgment, because the complaint was sworn to before the plaintiff's attorney. The defendant treated it as a nullity.

JOHN PERCY, *for the motion.*

A. J. COLVIN, *contra.*

HAND, Justice.—In England it has long been considered irregular to take an affidavit before·the attorney in the cause. And even in a proceeding by *habeas corpus*, the Court of King's Bench, out of respect to personal liberty, would have disregarded this circumstance, but they said "the rule was invariable, and was founded on the wisest and most obvious principles," and adhered to it. (*King* v. *Wallace*, 3 T. R. 403.) And in *Taylor* v. *Hatch*, (12 J. R. 339,) our Supreme Court said it was "a fit and proper rule, which we shall therefore adopt as the practice here." The same practice prevailed in our Court of Chancery, (*The People* v. *Spalding*, 2 Paige 326,) as well as in England, though for a time fluctuating there. (1 id. 3 Dan. Pr. 1771, and cases there cited.) It seems it may be taken before counsel, or the clerk or partner of the attorney; but as to the attorney, the rule is well established. (15 J. R. 531; 17 J. R. 2; 6 Cow. 587; 5 Paige, 530; Barnes, 45; 1 Tidd, 451; 1 Lee's Dic. Pr. 28; 2 Richardson's Pr. 95; 2 Paine & Duer's Pr. 54; 1 Petersd. Ab. 368-9.) Though now in England not before the attorney's clerk. (3 Chit. Gen. Pr. 492.)

The plaintiff contends that when this complaint was verified, no suit was pending. It is true that an affidavit to hold to bail, or where it is preparatory to the commencement of a suit and no suit pending, may be taken before the attorney in this state. (*Vasey* v. *Godfrey*, 6 Cow. 587. And see 1 Ridd 155, 451; *Howard* v. *Nalder*, Barnes, 60.) This, however, I do not consider that case. It is the verification of a complaint which takes the place of a bill in equity or a declaration at law; and even if the statute required it to be made simultaneously with the summons, it should not be verified before the person who may be supposed to draw it up.

But the defendants are too late. They should have moved to set aside, and not have treated it as a nullity, and lie by till after judgment. Here has been great delay. None of the books, I believe, say it is a mere nullity. It is an irregularity, though one which may subject the attorney or solicitor to costs. (*In re Hogan*, 3 Atk. 812.) But I do not find the rule carried further. Chitty says it will not be received. (Ch. Gen. Pr. 292.) Petersdorf, in giving an abstract of the case of the *King* v. *Wallace*, makes the court say that "the manner in which the affidavits have been sworn entirely invalidates them." But that was not the language used. I have always supposed it a rule of practice that could be waived by the other side; and that in effect has been done here. No doubt the court should discountenance a practice in no way commendable; but, as between party and party, I do not think the proceedings void.

This view renders it unnecessary to decide the other point raised—whether the defendant can, under the amended code, wholly disregard a complaint imperfectly verified, or must answer it as one not verified at all.

Defendants can only come in on terms.