Fitch agt. Bigelow and Hunt.

## SUPREME COURT.

### Fitch agt. Bigelow and Hunt.

Where the *verification* of a complaint is made by the *attorney* instead of the party, the *reasons* must be stated why it is not made by the party (*Code*, §157). The omission to give such reasons being a defect upon the face of the verification, the defendant is at liberty to treat the complaint as if it were not verified, and to put in his answer without oath, and such is the proper course for him. A motion is unnecessary.

*Albany Special Term, November* 1850. This was a motion by the defendant Hunt, to set aside the verification annexed to the plaintiff's complaint. The summons and complaint claimed judgment for $400 and interest, upon a promissory note. The complaint was verified by the plaintiff's attorney as follows: "Otsego county, ss. Jabez D. Hammond, attorney for the plaintiff being sworn, says, that the foregoing complaint is true of his own knowledge, except as to the matters which are therein stated on his information and belief and as to those matters he believes it to be true." (Signed, &c.)

It appeared that the plaintiff resided out of the state, and that the attorney was his agent, and took the note as such agent, and knew all the facts and circumstances of the case.

John Percy, *for Motion.*

J. Newland, *Contra.*

Parker, Justice.—The verification is defective. The Code requires (§ 157) that where the pleading is verified by the attorney, he should set forth in the affidavit his knowledge, *and* the reasons why it is not made by the party. The knowledge is here set forth, but the reasons why he made the affidavit are not stated. Good reasons are shown on this motion, viz., that the plaintiff resides out of this state; that the note in suit was taken by the attorney, and executed in his presence as the agent of the plaintiff, and that the plaintiff was not present when the business was transacted. But the statute requires these reasons to be set forth in the affidavit of verification.

The verification being insufficient upon its face, the defendant was at liberty to treat the complaint as if it were not verified and to put in his answer without oath. There was no injunction allowed upon the complaint. If there had been, the defendant might have moved to dissolve it on the ground of the defective verification. So also, if the insufficiency was not apparent upon the face of the paper, but depended on proof *aliunde*, as that the officer taking the affidavit was a fictitious person, or was incompetent to act in the case, a notice by the defendant would probably be necessary (Gilmore vs. Hempstead, 4 *How. Pr. Rep.* 153). But in this case no motion was necessary. There was an omission of a material statement expressly required by the statute; If a party may omit a part he may omit the whole of the requisite affidavit. The practice does not depend on the proportion omitted.

I think it is clear that the defendant might have put in his answer without verification, and that such was his proper course.

The motion must be denied but without costs, and the defendants must have ten days further time to answer.