JOHN E. WARNER v. AMANDA G. WARNER.

1. DIVORCE; *Petition Cannot be Verified before Attorney.*   The affidavit verifying a petition in a divorce suit can not be made before an attorney of the plaintiff.

2. MOTION; *Practice.*   Where a petition is improperly verified, the remedy is by motion to strike it from the files.

*Error from Jefferson District Court.*

ACTION for divorce from the bonds of matrimony, and for alimony.   The petition was signed "Day & Eggers, and Keller & Johnson, attorneys for plaintiff," and was verified by *Amanda G. Warner*, plaintiff, before "John W. Day, Notary Public."   It was admitted that said notary was a member of the firm of "Day & Eggers."   Other facts are stated in the opinion of the court.   The plaintiff had judgment at the November Term 1872, and the defendant brings the case here on error.

*D. H. Morse*, for plaintiff in error:

1. The verification of plaintiff's petition before her attorney was no verification; hence there was no petition in the case and there should have been no testimony introduced under

9—11 KAS.

Warner v. Warner.

said petition. See civil code, §§ 641, 113; 4 Monroe, 541;
2 Bibb, 293; 17 Johns., 2; 5 Paige Ch., 350; 10 Iowa, 308;
4 Pike, 444; Nash's Pr. and Pl., 99; Voorhies Code, 311,
note *b*.

2. The remedy in this case was by motion to strike plain-
tiff's petition from the files. 2 Sandf., 647.

*Day & Eggers*, for plaintiff in error:

1. The verification of the petition was sufficient. There is
no law in the statutes of Kansas which prohibits a pleading
from being verified before an officer who is an attorney of
either party in the case. The same rule does not apply to
the verifications of pleadings, as to the taking of depositions,
except that pleadings may be verified before the same *officers*
that are authorized to take depositions; civil code, §§ 113, 348.
But a different rule is laid down by the statute for the cer-
tificate and authentication of the verification of pleadings,
and the certificate and authentication of depositions. Code,
§§ 113, 358, 359.

2. A notary public is authorized to take depositions; and
the verification of a pleading may be made before a notary
public. Sec. 350 of the code provides that the "*officer* before
whom *depositions* are taken must not be a relative or attorney
of either party, or otherwise interested in the event of the
action or proceeding." This is a wise provision, for the
reason that the deposition is to be used as evidence on the
trial of the cause in which it is taken; and if written by an
interested attorney, he being the officer before whom the
deposition is taken, the effect and meaning of the evidence,
by a slight change of the language of the witness, might be
very different from that intended to be conveyed by the wit-
ness. But this provision of the statute applies *specially* to
the taking of *depositions*, and *not to* affidavits or the verifica-
tions of pleadings. Compare §§ 113, 344, 345, 358, 359, of
the code.

3. The verification of a pleading is only required as evi-
dence of good faith in the pleader, and not to make the

pleading evidence on the trial. Voorhies Code, p. 339, note *a*.

4. The practice of moving to set aside a pleading for want of a sufficient verification, is not the proper mode of relief. 13 How. Pr. R., 225; Voorhies Code, 306, note *i*.

The opinion of the court was delivered by

BREWER, J.: Defendant in error obtained a decree of divorce in the district court of Jefferson county. To reverse this decree plaintiff in error has instituted this proceeding. Two questions only are involved. Was the petition properly verified? If not, did plaintiff in error pursue the proper course to take advantage of this defect? The first question must be answered in the negative. The affidavit verifying the petition was made before the attorney of the plaintiff. This was unauthorized. Civil code, §§ 641, 113, 348, 349, 350, 345; *Gilmore v. Hempstead*, 4 How. Pr. Rep., 153; *Taylor v. Hatch*, 12 Johns., 340; Nash's Pleading's, 99; Voorhies N. Y. Code, 311.

The second question must be answered in the affirmative. The defendant made a motion to strike out the petition for want of a proper verification, which motion was overruled. He then objected to any testimony under the petition, which was also overruled. This practice was correct. The defect was not one that could be reached by demurrer. It could only be reached by motion. *Gilmore v. Hempstead*, supra; *Webb v. Clark*, 2 Sandf., 647. For these reasons we shall be compelled to reverse the decree of the district court and remand the case with instructions to sustain the motion to strike out.

We feel constrained to call the attention of the legislature to a glaring deficiency in our statutes. The defeated party in a divorce suit can take the case to the supreme court, and if error be shown, can obtain a reversal as in any other action. He has three years in which to institute such proceedings in error. On the other hand the successful party (or indeed for that matter either party) is at liberty to marry the day after the decree of divorce is entered in the district court. Suppose

the successful party should marry after the decree in the district court, and before proceedings in error were instituted, and that thereafter this court should be compelled to reverse the decree of the district court for manifest error: in what condition would this second marriage be, and what would be the status of the issue, if any, of such marriage? It seems to us either that the decree of the district court should be final, and not the subject of review, or else that a certain time be limited for the commencement of proceedings in error; and that until after that time, and the determination of the case in the supreme court, neither party should be allowed to remarry. This case brings the possibilities of such a dilemma before us, and we respectfully refer the matter to the consideration of the legislature.

All the Justices concurring.