HENRY HESS, Assignee, etc., Respondent, *v.* NATHAN HESS, Jr., et al., Appellants.

Goods and chattels fraudulently assigned by a debtor to hinder, delay and defraud creditors are attachable in the hands of his voluntary assignee at the suit of a creditor defrauded by the assignment.

The rule which prevents a levy on execution, under similar circumstances, upon equitable assets or choses in action, is not applicable to chattels of which there can be a manual delivery.

Indemnitors of the sheriff, who have been substituted in his place as defendants in an action by the assignee to recover the chattels so attached, stand in his shoes, and are entitled to the same defense in this particular.

The defendants, in such an action, are not deprived of their defense by the subsequent vacating of the attachment; the process, if valid, protects them for lawful acts done under it before it was vacated.

While the subsequent conduct of the officer or party in dealing with the attached property may create a cause of action, if the original taking was justified, it affords no ground for recovery against the indemnitors.

(Argued October 18, 1889; decided November 26, 1889.)

Opinion of the Court, per ANDREWS, J.

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 15, 1889, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Otto Horwitz* for appellants. An attachment is a complete justification to the party who obtains and levies thereunder even after it is vacated, where it was regularly issued, and not vacated because it was void or irregular. (*Day* v. *Bach,* 87 N. Y. 50.) On appeal the questions raised will be decided on the theory that the case was tried on. (*Drucker* v. *M. R. R. Co.,* 106 N. Y. 161.)

*W. J. Townsend* for respondent. An attachment which has been vacated affords no protection to the party or the officer for the acts done thereunder. (*Wehle* v. *Butler,* 12 Abb. [N. S.] 139; 61 N. Y. 245; *Kerr* v. *Mount,* 28 id. 666; *Lyon* v. *Yates,* 52 Barb. 237.) The defendants cannot justify under a subsequent valid judgment and a levy and sale thereunder. (*Higgins* v. *Whitney,* 24 Wend. 379; Sedgw. on Dam. 36; *Tiffany* v. *Lord,* 65 N. Y. 310; *Livermore* v. *Northrup,* 44 id. 107; *Wehle* v. *Butler,* 3 J. & S. 1; *Otis* v. *Jones,* 21 Wend. 394; *Hammer* v. *Wilsey,* 17 id. 91.) The subsequent taking of a portion of the property by the coroner was no defense, nor could it be shown in mitigation of damages. (*Wehl* v. *Spelman,* 25 Hun, 99; *Ball* v. *Tiney,* 48 N. Y. 6, 14.) It was not competent for the defendants to show that the assignment was fraudulent as against creditors. (*Deutch* v. *Reilly,* 8 Daly, 132.) The plaintiff is entitled to recover upon the admitted facts. (Code Civ. Pro. § 709, 1426.)

ANDREWS, J. The action is brought by the plaintiff as assignee of the firm of J. M. Hirschhorn & Co., under a general assignment for the benefit of creditors dated May 16, 1887, to recover for the alleged conversion by the sheriff of the city and county of New York, of certain goods and

merchandise, part of the assigned property taken by him from the possession of the plaintiff after the assignment. The present defendants are indemnitors of the sheriff, who, after the commencement of the action, were substituted as defendants in place of the sheriff under section 1421 of the Code of Civil Procedure.

The defendants in their answer justified the taking of the property by the sheriff, under an attachment in an action commenced by Isaac Goldschmidt and others against J. M. Hirschhorn & Co., the assignors, to recover a debt owing by the defendants to the plaintiffs therein at the time of the assignment. The answer set forth the proceedings taken to procure the attachment, showing a compliance with the statutory conditions preliminary to the issuing of that process, and further averred that the assignment of Hirschhorn & Co. was made with intent to hinder, delay and defraud their creditors. At an early stage of the trial, and before the defendants had entered upon their defense, the court ruled, in substance, that the defendants would not be permitted to raise any question as to the validity of the assignment, and at the conclusion of the case instructed the jury that the only question which they could consider was the question of damages.

We think the ruling was erroneous. Goods and chattels fraudulently assigned by a debtor, to hinder, delay and defraud creditors, are attachable in the hands of his voluntary assignee at the suit of a creditor defrauded by the assignment. (*Rinchey* v. *Stryker*, 28 N. Y. 45; *Frost* v. *Mott*, 34 id. 253.) The rule which prevents the levy of an execution, under similar circumstances, upon equitable assets or choses in action, proceeds upon peculiar grounds, not applicable to chattels, of which there can be a manual tradition. (*Thurber* v. *Blanck*, 50 N. Y. 80; *Anthony* v. *Wood*, 96 id. 180.) If, therefore, the present action had been continued against the sheriff, there can be no doubt that he could have defended the original taking by showing that he took the goods under a valid attachment against Hirschhorn & Co., and that the assignment to the plaintiff was fraudu-

lent as to the plaintiff in the attachment suit. The defend-
ants, as his indemnitors, stand in his shoes. We need not
consider whether they would be protected to the same extent
as the sheriff, if the process, though regular on its face, was
affected by some latent vice, as, for example, if issued without
jurisdiction.,

It is evident from an inspection of the record that the ruling
of the court, excluding inquiry as to the validity of the assign-
ment, was based on an admission of the defendants in their
answer, that subsequent to the seizure of the goods by the
sheriff the attachment was vacated. This admission was made in
connection with a separate matter, set up in the answer, relating
to the conduct of the sheriff after the vacation of the attach-
ment, for which the defendants alleged they were not respon-
sible, the acts not being, as claimed, within the terms of the
indemnity. It is clear that the defendants were entitled to
litigate the validity of the assignment unless the vacation
of the attachment precluded them from justifying under it.
If the attachment was void, it would afford no protection to
the party suing it out, whether vacated or not, and it is prob-
able that indemnitors who came in in aid of the party would
stand in the same position. But if valid, the process would
protect both the officer and party for what was done under it
before it was vacated, the liability of the property to seizure
being shown. The case of *Day* v. *Bach* (87 N. Y. 56) is a
decisive authority that trespass will not lie for the seizure of
goods under a valid attachment subsequently vacated for error.
The process is a protection to the officer or party for whatever
is done under it while in force. The vacation of the process
for error does not convert into a trespass that which was legal
until it was set aside. The subsequent conduct of the officer
or party in dealing with the attached property may create
a cause of action, but if the original taking was justified, this
would afford no ground for a recovery against indemnitors.
The ruling of the court is sought to be supported on the
ground that the existence of the debt and the papers on which
the attachment issued were not proved, and that, therefore,

the attachment may have been void for want of jurisdiction to issue it. But this answer is insufficient. The ruling of the court was made *in limine* before the defendants had any opportunity to prove the attachment proceedings. It was assumed by all parties that there was a valid attachment, and the ruling proceeded, as is clearly to be inferred, upon the ground that, nevertheless, the vacation of the process deprived the defendants of their justification.

We think the court erred and that the judgment should be reversed and a new trial granted.

All concur.

Judgment reversed.