## BAUMEISTER v. DEMUTH.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. VENDOR AND PURCHASER—MARKETABLE TITLE—CURE OF DEFECTS—NOTICE TO VENDEE.

One under contract to buy land purchased by the vendor at foreclosure of a mortgage, who rejected the vendor's title because of irregularities in the foreclosure proceedings, was not entitled to notice of the application by the vendor for an order amending the proceedings and curing the irregularities.

2. MORTGAGES—FORECLOSURE—CORRECTION OF IRREGULARITIES.

In a suit against an infant to foreclose a mortgage, his mother's petition for the appointment of a guardian erroneously averred that he was over 14 years of age. The venue of the affidavit of the guardian ad litem, showing his qualifications, was also incorrectly stated. *Held*, that the court had the power to amend the proceedings nunc pro tunc, and correct the errors, under Code Civ. Proc. § 722, providing that the court may supply defects not against right and justice, and not altering the issue between the parties.

3. SAME—MANNER OF MAKING CORRECTIONS.

An order directing an amendment to the petition for the appointment of a guardian for an infant defendant, and to the venue of the affidavit of the guardian ad litem, showing his qualifications, made after entry of final judgment in the suit in which the infant defendant was a party, for the purpose of correcting errors therein, was not ineffectual, though the better practice might require the filing of a new and corrected petition and affidavit.

4. SAME—TITLE OF PURCHASER.

The title of a purchaser at foreclosure of a mortgage was not affected by the fact that the petition for the appointment of a guardian for an infant defendant in the suit was verified before a notary who was an attorney in the suit, and therefore forbidden to take affidavits for use therein, where all the essential facts in the petition were averred in a subsequent affidavit made on an application for correcting the proceedings.

5. SPECIFIC PERFORMANCE—DELAY IN PERFECTING TITLE—EFFECT.

Defendant, under contract to buy land purchased by plaintiff at foreclosure of a mortgage, rejected the title on the day fixed in the contract for consummating the transfer, on the ground of defects in the foreclosure proceedings. Plaintiff offered to correct the defects, and a few days later procured an order from the court curing them. Two days later he tendered to defendant a deed, which was refused. Plaintiff thereupon commenced a suit for specific performance. There was no evidence of any change of circumstances of the parties, nor did they insist that time was of the essence of the contract. *Held*, that plaintiff was entitled to a decree.

Appeal from Special Term, New York County.

Action by Theodore Baumeister against Frank Demuth. From a judgment dismissing the complaint, and awarding a recovery in favor of defendant (81 N. Y. Supp. 148), plaintiff appeals. Reversed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Samson Lachman, for appellant.
Edward W. S. Johnston, for respondent.

LAUGHLIN, J. The action is brought by the vendor to enforce specific performance of a contract for the sale of lands. The defendant in his answer also demanded specific performance, and prayed, in the event that plaintiff "cannot make good title," that he have judgment for the purchase money paid and for the costs of examining the title, and that the same be declared a lien upon the premises. It was expressly provided in the agreement that the contract was to be performed on the 1st day of July, 1902. On that day the parties met at the time and place specified for consummating the transfer, and counsel for the vendee raised certain objections to the title. Counsel for the vendor insisted that the title was good, and that the objections were without merit; but he, however, offered to correct the same, and invited suggestions from counsel for the vendee as to how this could be done. The latter said that he was not prepared at that time to advise how the defects could be remedied, but that he would think the matter over. At this interview, and during the discussion as to defects in the title, each party tendered performance; and subsequently they separated without any express agreement postponing the time of performance, and without any understanding concerning future negotiations.

The alleged defects in the title to which attention was drawn related to the proceedings in a foreclosure action through which plaintiff derived his title, and to the effect of the judgment therein. They were (1) that in the foreclosure action a guardian ad litem had been appointed for an infant defendant on the petition of his mother, which showed that he was over the age of 14 years, contrary to the provisions of the Code, which required that in such case the petition shall be made by the infant; (2) that the venue of the affidavit of the guardian ad litem, showing his qualifications, was Westchester county, but it purported to have been taken before a commissioner of deeds for the city of New York; and (3) that certain judgment creditors of certain heirs of Benjamin F. Fairchild should

have been made parties to the foreclosure action, in order to cut off the lien of their judgments.

After the parties separated, but on the same day, the attorney for the vendor wrote the attorney for the vendee, offering to have these defects corrected by an order amending the proceedings. The attorney for the vendee answered this letter the next day, stating, in effect, that he thought the only remedy was a strict foreclosure, and that he would be willing to advise his client to extend the time of performance to enable the vendee to perfect title in that manner. Eight days later the attorney for the appellant, on notice to the parties to the foreclosure action, and on proof that the infant was at the time under 14 years of age, that the statement in the petition that he was over 14 was a clerical error, and that the affidavit of the guardian was taken in the city of New York, obtained an order of the Special Term of the Supreme Court amending the venue to the county of New York, amending the petition for the appointment of the guardian so as to recite that the infant was under the age of 14 years, and directing that these amendments be made nunc pro tunc as of the date of the papers to which they respectively relate, and that the affidavit of the guardian of the mother of the infant, and of the plaintiff showing these facts, among other things, be annexed to the judgment roll in the foreclosure action, with the same force and effect as if they had been attached at the time of the appointment of the guardian ad litem, and that the appointment of the guardian ad litem be confirmed, and his acts ratified.

The court declined to receive in evidence a letter from the attorneys for the vendor to the attorney for the vendee on the 9th day of July, 1902, notifying him of the entry of this order; but it was marked for identification, is printed in the record, and counsel for the respondent concedes in his points that it was sent to his client. On the 11th of July the vendor again tendered performance, but was told by the vendee that the matter was in the hands of his attorney. The action was then commenced.

The appellant, still maintaining that his title was good, contends that, if there were any defects, the same have been corrected by the order. The respondent insists that he should have had notice of the application for the order. We think he was not entitled to such notice. If it was a proper case for granting the order, the only persons entitled to notice were the parties to the foreclosure action, and apparently they made no objection. Counsel for the respondent concedes that these were not jurisdictional defects, and that they were irregularities, merely. The infant and his mother had been duly served with the summons and complaint. The plaintiff in the foreclosure action had nothing to do with the appointment of the guardian ad litem, for within the time allowed by law for that purpose the application was made by the mother. The infant having been in fact under 14 years of age, the mother was the proper party to make the petition. Thus the court clearly had jurisdiction. All of the facts essential to jurisdiction and to the action taken existed, but, owing to inadvertence or mistake, the age of the infant and the venue of the affidavit were not correctly stated.

Parol testimony is admissible to correct apparent defects, such as these, affecting title. Hellreigel v. Manning, 97 N. Y. 56. And upon proof of the facts, the apparent defects in the title vanished, and the court was authorized to amend the proceedings nunc pro tunc. Code Civ. Proc. §§ 722, 1282; Schell v. Cohen, 55 Hun, 207, 7 N. Y. Supp. 858; Rogers v. McLean, 34 N. Y. 536; Reed v. Reed, 46 Hun, 212; Croghan v. Livingstone, 17 N. Y. 218; Gilmore v. Hempstead, 4 How. Prac. 153; Disbrow v. Folger, 5 Abb. Prac. 53; Loring v. Binney, 38 Hun, 152; Sisco v. Martin, 61 App. Div. 503, 70 N. Y. Supp. 597; Fisher v. Bloomberg, 74 App. Div. 368, 77 N. Y. Supp. 541; Murphy v. Hall, 38 Hun, 525; Tobin v. Gary, 34 Hun, 431; Bohlen v. El. Ry. Co., 121 N. Y. 546, 24 N. E. 932.

The respondent also contends that the proceedings to correct the title are ineffectual, on account of the form of the order, which directs the amendment of the petition and of the venue of the affidavit. Perhaps the better and proper practice would have been to have allowed the filing of a new petition and affidavit nunc pro tunc, but that is not a matter of substance. The essential thing is proof to the satisfaction of the court of the facts correcting the erroneous statements.

The court gave no consideration to the claim that certain judgment creditors should have been parties to the foreclosure suit, and counsel for the respondent does not argue that question in his points, or seek to uphold the decision on that ground; consequently it is not necessary that we should give it special attention. It would seem, however, that there is no force to the objection. One of the heirs of Fairchild had filed a lis pendens against the property in an action in which she claimed that it was partnership property owned by Fairchild in common with one Yoran. The record title was in Yoran. The complaint in that action was dismissed, and the lis pendens canceled, prior to the entry of the judgment of foreclosure. There was merely the filing of a lis pendens, and the bald assertion of a claim, with nothing upon the record to substantiate it. This did not affect the title, nor would judgment against Fairchild or his heirs be a lien upon the property. Hayes v. Nourse, 114 N. Y. 595, 22 N. E. 40, 11 Am. St. Rep. 700; Donovan v. Sheridan, 37 N. Y. Super. Ct. 256.

Upon the trial the respondent raised the further objection, not previously raised, that the petition for the appointment of the guardian was verified before a notary public who was the executor of the infant's father, and attorney in the foreclosure action for the infant's mother. Although the practice forbids an attorney of record in the action to take affidavits for use therein, the affidavit, when so taken, is not void. There is no statute requiring the verification of such petition (Van Wyck v. Hardy, 4 Abb. Dec. 498), but, of course, the proper practice requires a verification. Moreover, all of the essential facts are stated in the affidavit of the infant's mother made on the application for an order correcting the proceedings.

The respondent now contends that, if the plaintiff's title was not good at the time fixed for performance, he is under no obligation to complete the purchase, even though the title has been perfected

since.   In an action at law that would be true; but it is the practice in equity to require specific performance if the title is good at the time of the trial, even though defective at the time fixed for performance of the contract, where the vendor has, upon discovering defects, exercised diligence in remedying the same, if there has been no change in the circumstances or position of the parties by which performance will become inequitable, or will be to the substantial prejudice of either party, or where nothing has occurred to create an estoppel.   Scmidt v. Reed et al., 132 N. Y. 108, 30 N. E. 373; Haffey v. Lynch, 143 N. Y. 241, 38 N. E. 298; Jenkins v. Fahey, 73 N. Y. 355; Myers v. De Mier, 52 N. Y. 647; Hubbell v. Von Schoening et al., 49 N. Y. 326.   The courts are not as liberal in relieving a purchaser under a private contract on account of technical defects as at a judicial sale.   Haberman v. Baker, 128 N. Y. 253, 28 N. E. 370, 13 L. R. A. 611.   There is no evidence of a change of circumstances of the parties, rendering it inequitable to decree specific performance.   The parties did not stand upon their strict legal rights, or insist that time was of the essence of the contract. Their negotiations at the time fixed for performance and subsequently thereto show that both were still willing and anxious to perform, and that neither rescinded for the breach.   This is further borne out by the respondent's answer, to which reference has been made. The action was commenced on the 11th day of July, 1902, or within 10 days after the day fixed for performance.   This was within a reasonable time, and we think the plaintiff has in no manner slept upon his rights.   He should, however, have submitted a copy of the order correcting the foreclosure proceedings, and of the papers upon which it was granted, to the attorney for the respondent, and afforded an opportunity to him to examine the same before commencing the action.   This, however, does not affect the jurisdiction of the court; but for his hasty precipitation of the litigation the plaintiff should not be awarded costs.   We think the plaintiff showed good title, and that specific performance should have been decreed.

It follows, therefore, that the judgment should be reversed, and a new trial ordered, but without costs.   All concur.