(60 Misc. Rep. 362.)

### ZICHERMANN v. WOHLSTADTER et al.

(Supreme Court, Special Term, New York County.  August, 1908.)

1. JUDGMENT (§ 139\*)—OPENING—DISCRETION OF COURT.

    A motion to open a default judgment is addressed to the discretion of the court.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 265;  Dec. Dig. § 139.\*]

2. SALES (§ 347\*)—ACTIONS FOR PRICE—DEFENSES.

    An offer to return chattels is no defense to a note, where the agreement under which the note was given reserved no such right to the maker, and no ground of rescission is suggested.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 970-972; Dec. Dig. § 347.\*]

3. JUDGMENT (§ 106\*)—DEFAULT IN PLEADING—VERIFICATION.

    An answer cannot be regarded as a nullity, and judgment be entered as upon a default, because the affidavit of verification of the answer was taken by defendant's attorney.

    [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 106.\*]

Motion by Samuel Wohlstadter and Kalman Goldman to open a judgment entered against them by Bernat Zichermann. Motion granted as to Wohlstadter, but denied as to Goldman.

David B. Cohn, for plaintiff.
Max Steinart, for defendants.

BISCHOFF, J.  No answer was served at any time in behalf of the defendant Goldman, and the motion to open the default as to him is addressed to the discretion of the court.

It is obvious that the offer to return the chattels to Zicherman & Granat was no defense to the note, since the agreement under which that note was given reserved no such right to the maker, and no ground of rescission is pleaded or suggested.  Therefore a defense is not indicated, and the motion in behalf of the defendant Goldman is denied.

As to the defendant Wohlstadter, issue was joined by an answer duly served for him, and the practice of the plaintiff's attorney in returning the answer as a nullity, because the affidavit of verification was taken by the defendants' attorney of record, is not authorized. While the court may decline to receive an affidavit so verified as proof of matters presented to it (Kuh v. Barnett, 57 N. Y. Super. Ct. 324, 6 N. Y. Supp. 881), the affidavit itself is not void (Baumeister v. Demuth, 84 App. Div. 394, 398, 82 N. Y. Supp. 831), and the statute which prescribes the requisites of a verification was complied with in form.  Without an order expressing the court's disapproval of the

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

verification, because offensive to a rule of practice which the court alone is to apply, the plaintiff could not enter judgment as upon a default, and the judgment itself was thus unauthorized.  ·

Motion to open judgment granted as to defendant Wohlstadter, but not as to defendant Goldman. So far as the defendant Wohlstadter seeks leave to serve an amended answer, an opportunity should be given him to exercise his statutory right to amend as of course, which right, by the premature entry of judgment within the period for an amendment, the plaintiff has obstructed. The order may provide for the defendants' service of an amended answer within 10 days after notice of entry. No costs of this motion to either party.

Ordered accordingly.