### VREELAND v. PENNSYLVANIA TANNING CO.

(Supreme Court, Appellate Division, First Department. February 5, 1909.)

1. ATTACHMENT (§ 90*)—TAKING BY ATTORNEY OF RECORD.

An affidavit on which an attachment issued was not a nullity, though the notary before whom it was sworn to was plaintiff's attorney of record; it being a mere rule of practice, formerly existing in the Court of King's Bench and followed and adopted by the courts of the state, and not a provision of Code or statute, which forbids the attorney of record of a party to take an affidavit to be used in the case.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 228; Dec. Dig. § 90.*]

2. JUDGMENT (§ 359*)—GROUNDS FOR SETTING ASIDE—IRREGULARITY IN TAKING AFFIDAVIT.

That the affidavit on which an attachment issued was sworn to before plaintiff's attorney of record, in violation of a technical rule of practice, was a mere irregularity, which, under Code Civ. Prac. § 721, not having been objected to before judgment and not having been prejudicial, the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

facts stated therein not having been controverted, did not impair, and was not ground for vacating, the warrant and setting aside the judgment.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 359.*]

Appeal from Special Term, New York County.

Action by E. E. Vreeland against the Pennsylvania Tanning Company. From an order vacating a warrant of attachment, and setting aside the judgment for plaintiff, plaintiff appeals. Reversed, and judgment reinstated.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Bond & Babson (Walter H. Bond, of counsel), for appellant.

Peter B. Olney, Jr., for respondent.

CLARKE, J. This is an appeal from an order entered on the 11th of December, 1908, vacating an attachment granted on the 25th day of March, 1908, and vacating and setting aside a judgment entered on the 31st day of July, 1908, and ordering that any and all proceeds of sales, and moneys collected by the sheriff and all property attached remaining in his hands be delivered and paid over to the defendant and released from said attachment.

On the 25th of March, 1908, on the summons and complaint and the affidavit of Edward E. Vreeland, verified on said day, and an undertaking, a warrant of attachment was issued herein upon the ground that the defendant was a foreign corporation. This affidavit was sworn to before Walter H. Bond, notary public, Kings county, No. 242, certificate filed in New York county. The plaintiff is a New York corporation, and the affiant Vreeland the secretary, treasurer, and general manager thereof. The plaintiff's attorneys were Bond & Babson, and the notary, Walter H. Bond, was a member of that firm of attorneys. Under the warrant of attachment the sheriff attached certain debts due to the defendant. On or about the 21st day of April, 1908, plaintiff obtained an order for the service of the summons on the defendant as a foreign corporation, by publication or personal service without the state. Defendant did not appear, and on or about July 31, 1908, plaintiff obtained judgment in the sum of $621.75. The moving affidavit upon this motion sets up that on the 17th day of November, deponent, an attorney and counselor at law, appearing specially to move to vacate this attachment, had occasion to examine the judgment roll in this action in the office of the county clerk, and upon said examination discovered that the affidavit of Edward E. Vreeland, upon which the warrant of attachment herein was obtained, was verified before one Walter H. Bond as notary public; that he is a member of said firm of Bond & Babson, and is therefore one of the plaintiff's attorneys of record; that Olney & Comstock, attorneys, in whose office your deponent is a clerk, shortly after the obtaining of the warrant of attachment herein, sent one of the young men in the office to the county clerk's office to copy the papers upon which said attachment was obtained, and such copies were made in longhand, and typewritten copies thereof made in the office of said Olney &

Comstock, but nevertheless, owing to some error, the typewritten copies of the affidavit of Edward E. Vreeland have the words "Nato H. Conge," Notary Public, instead of Walter H. Bond; that it was not until the 17th day of November, as aforesaid, that deponent knew that said affidavit of Edward E. Vreeland was verified before Walter H. Bond as notary public.

The affidavit upon which the warrant of attachment was granted was put on file in the county clerk's office and has there remained subject to examination. It was, shortly after its filing, examined. It was not due to any fault or negligence on the part of the plaintiff and its attorneys that the moving party did not ascertain, until months after its filing and the entry of judgment herein, that said affidavit had been taken before Walter H. Bond. If it had been promptly discovered, and a motion had been made to set aside the warrant upon the ground that the affidavit had been taken before one of the attorneys of record of the plaintiff, it would have been quite proper for the court to have allowed the filing of a properly verified affidavit, or, if the attachment had been entirely vacated, it might have been possible to have instituted new proceedings in time to secure the benefits of an attachment.

The order appealed from, which vacated the attachment and the judgment, can only be sustained upon the ground that the affidavit was a nullity, and that therefore the court had nothing before it upon which it could issue the warrant of attachment. The affidavit was not a nullity. It was taken before a notary public duly authorized to administer oaths and take acknowledgments. There is no provision of Code or statute which forbids the attorney of record of a party to take an affidavit to be used in the case. It is a mere rule of practice, formerly existing in the Court of King's Bench, followed and adopted by the courts of this state. As stated in Taylor v. Hatch, 12 Johns. 340:

"The practice of the Court of King's Bench is not to allow an affidavit taken before the attorney in the cause to be read. It is a very fit and proper rule, which we shall therefore adopt as the practice here. As the party may, however, have been led into a mistake of practice, we give him leave to withdraw his motion and renew it again at the next term on a proper affidavit."

In that case the objection was made when the attorney was about to read the affidavit to the court.

In People v. Spalding, 2 Paige, 326, the affidavit in question had been taken before the solicitor. The Chancellor said:

"The rule which excludes an affidavit taken before the attorney is merely technical, and has never in this state been extended beyond the case of the attorney or solicitor on record. In Willard v. Judd, 15 Johns. 531, the Supreme Court refused to extend the principle to the counsel in the cause. And in Hallenback v. Whittaker, 17 Johns. 2, the same court decided that it did not extend to the partner of the attorney on record, although he was interested in the profits of the business. The Supreme Court reluctantly consented to adopt the rule in the case of Taylor v. Hatch, because they found the practice to be thus settled in the Court of King's Bench.  *  *  *  As it is a mere technical rule, and as there was no pretense in these cases that any injury had resulted to the defendants by the affidavits being sworn to before the officer by whom they were prepared, instead of resorting to another com-

missioner, the Vice Chancellor was bound to pursue the settled practice of the court as he found it."

In Gilmore v. Hempstead, 4 How. Prac. 153, a motion to set aside the proceedings of plaintiff after judgment, because the complaint was sworn to before the plaintiff's attorney, was under consideration. The court, after stating the rule of King's Bench and citing the foregoing cases, said: ·

"But the defendants are too late. They should have moved to set aside, and not have treated it as a nullity, and lie by till after judgment. Here has been great delay. None of the books, I believe, say it is a mere nullity. It is an irregularity, though one which may subject the attorney or solicitor to costs. In re Hogan, 3 Atk. 812. But I do not find the rule carried further. Chitty says it will not be received. Ch. Gen. Pr. 292. * * * I have always supposed it a rule of practice, that could be waived by the other side; and that in effect has been done here. No doubt the court should discountenance a practice in no way commendable; but, as between party and party, I do not think the proceedings void."

In the same report, at page 290, in Anonymous, where a motion had been made to set aside the jurat to the complaint, the affidavit, and the undertaking of the sureties, for irregularity, on the ground that the complaint and affidavits were sworn to before the plaintiff's attorney, the court granted the motion, but gave the plaintiff leave nunc pro tunc to file a new complaint properly verified and a new affidavit.

In Post v. Coleman, 9 How. Prac. 64, the court said:

"The rule which excludes the attorney from taking the affidavit in an action is purely technical."

In Linck v. City of Litchfield, 141 Ill. 469, 31 N. E. 123, the court said:

"But, as held in Gilmore v. Hempstead, supra, the other party should at once move to set aside the proceedings for irregularity. The proceedings cannot be treated as a nullity and the failure of the party to take advantage of it at an apt time will act as a waiver of irregularity."

In Baumeister v. Demuth, 84 App. Div., at page 398, 82 N. Y. Supp., at page 834, Mr. Justice Laughlin, speaking for this court, said:

"Although the practice forbids the attorney of record in the action to take affidavits for use therein, the affidavit, when so taken, is not void."

The case principally relied upon by the respondent, Kuh v. Barnett (Super. N. Y) 6 N. Y Supp. 881, was an appeal from an order vacating a preliminary injunction, and was promptly made.

Section 721 of the Code of Civil Procedure provides that a judgment in a court of record shall not be impaired or affected by reason of either of the following imperfections, omissions, defects, matters, or things in the process, pleadings, or other proceedings:

"Subdivision 12. · * * * Or for any other default or negligence of the clerk, or any other officer of the court or of a party, his attorney, or counsel, by which the adverse party has not been prejudiced."

The rule under consideration is a rule of practice, not even embodied in the general or special rules adopted by the courts. In the case of Baptist Mission Society v. Tabernacle Church, 10 App. Div. 288, 41 N. Y Supp. 97, it appeared that the attorney for the plaintiff

had violated a rule of practice, and in consequence thereof a judgment obtained by him was vacated and set aside. This court reversed the judgment, saying:

"This, however, was a mere irregularity, and the judgment, having been entered, was a valid judgment until vacated or set aside by the court. Section 721 of the Code then applies. \* \* \* This valid, subsisting judgment should therefore be vacated or set aside by an order of the court only upon its appearing that there was a fault or neglect on the part of some officer of the court, or of a party, his attorney, or counsel, by which the adverse party had been prejudiced."

The facts set up in the affidavit being sufficient to sustain a warrant of attachment, having been duly sworn to before a notary public, and such facts having been in no way controverted, we are of the opinion that the fact that the notary was one of the attorneys of record, while a breach of a rule of practice held to be technical by the authorities in this state, constituted a mere irregularity which has been waived, and that under the circumstances of this case the warrant based thereon, and the judgment thereafter entered, were not void, and should not have been vacated and set aside.

It follows, therefore, that the order appealed from should be reversed, the motion denied, and the warrant of attachment and the judgment reinstated, with costs to the appellant. All concur.