DE GRAFF v. DE GRAFF.

(Supreme Court, Special Term, Monroe County. March 8, 1911.)

1. PROCESS (§ 96*)—SERVICE BY PUBLICATION—ORDER FOR SERVICE—JURISDICTION—AFFIDAVIT BEFORE PLAINTIFF'S ATTORNEY.

The taking of affidavits before plaintiff's attorney of record is a mere irregularity, and does not make the affidavits void; so that the judge, in granting an order for service by publication, which has to be based on a verified complaint and affidavits, is not without jurisdiction because of the affidavits having been so taken.

[Ed. Note.—For other cases, see Process, Dec. Dig. § 96.*]

2. APPEARANCE (§ 14*)—OBJECTIONS ON SPECIAL APPEARANCE.

Defendant, on a special appearance to object to the jurisdiction of the court, cannot object to the irregularity of the affidavits, on which, with the complaint, the order for service of publication was made, having been made before plaintiff's attorney of record.

[Ed. Note.—For other cases, see Appearance, Dec. Dig. § 14.*]

Action by Aline S. De Graff, an infant, by guardian, etc., against Chester De Graff. Defendant moves to set the service by publication and the order therefor. Denied.

Frederick W. Coit, for the motion.
Rolison S. Bostwick, opposed.

FOOTE, J. [1] Defendant, who is a nonresident and was served by publication, appears specially upon this motion and asks that the service upon him by publication and the order for such service be set aside, on the ground that the judge who granted the order was without

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

jurisdiction to make it—this, for the reason that the Code requires such an order to be based on the verified complaint and affidavits. The complaint was verified before plaintiff's attorney of record as commissioner of deeds, as was also one of the essential affidavits. No other defect is suggested. The question, therefore, is: Was this a verified complaint, and was the affidavit so taken sufficient to confer jurisdiction upon the judge who granted the order for service by publication?

Contrary to my first impression, I find the weight of authority is to the effect that, while the practice is condemned, still an affidavit in a cause taken before an attorney of record is not a nullity. It is an irregularity, and on a proper application would be treated as such. In Bauermeister v. Demuth, 84 App. Div. 394, 82 N. Y. Supp. 831, it is held that:

"Although the practice forbids an attorney of record in the action to take affidavits for use therein, the affidavit, when so taken, is not void."

A somewhat extended review of the cases upon this subject is made by Mr. Justice Clarke in the case of Vreeland v. Pennsylvania Tanning Co., 130 App. Div. 405, 114 N. Y. Supp. 1002, and the unanimous conclusion reached by the court in the case is thus stated in the syllabus:

"There is no provision of the Code or statute, and no court rule, forbidding an attorney of record from taking an affidavit used in the case. The rule forbidding the same was merely a rule of practice formerly existing in the Court of King's Bench, followed and adopted by the courts of this state. The fact that an affidavit upon which a warrant of attachment was issued was sworn to before a notary public, who was the plaintiff's attorney of record, is a mere irregularity, and no ground for vacating the attachment, and a subsequent judgment, where the facts stated in the affidavit are not controverted."

Defendant relies principally upon the case of McMillan v. Williams, decided by the learned county judge of Monroe county, and reported in the issue of the Rochester Daily Record of August 6, 1910, and affirmed without opinion in 140 App. Div. 940, 126 N. Y. Supp. 1137. In that case, however, the learned county judge found a more substantial reason for reversing the judgment of the Municipal Court than the fact that the petition on which the proceeding was founded was verified before the attorney for the petitioner. The practice is condemned, but the opinion does not go to the length of holding that the petition, although required by statute to be verified, was wholly void because verified before the attorney. But the attorney in that case (which was a landlord and tenant proceeding) acted as the attorney and agent for the landlord in making the preliminary demand for the rent, and then as commissioner of deeds took the landlord's affidavit to the petition which set forth this demand, and the court very properly held that the attorney could not occupy these two incompatible relations to the case, citing in support of this view the cases of Armstrong v. Combs, 15 App. Div. 246, 44 N. Y. Supp. 171, where the acknowledgment of the assignment of a mortgage before one of the assignees was held invalid, and People ex rel. Erie R. R. Co. v. Board of R. R. Commissioners, 105 App. Div. 273, 93 N. Y. Supp. 584, where it was held that the acknowledgment by some of the signers of a certificate of incorporation taken before one of the other signers and

incorporators as a notary public was invalid and rendered the certification inoperative. This decision was not intended to overthrow or dissent from the cases hereinbefore referred to, for they are cited and commented upon in the opinion of the learned county judge. It must, therefore, be held that the affidavits in this case were not nullities. They were simply irregular.

[2] But the defendant has no standing here to correct mere irregularities. He has appeared specially to object to the jurisdiction of the court, and, indeed, that is the only basis upon which a special appearance can be permitted. As is said in Nichols, New York Practice, vol. 1, p. 810, § 777:

"A special appearance is one made to object to the court's jurisdiction."

Hence, until defendant enters a general appearance in the case, he is not in a position to make this motion on the ground of irregularity alone.

The affidavits taken before the plaintiff's attorney of record as commissioner of deeds, though irregular, were sufficient to confer jurisdiction upon the judge to grant the order for service by publication. The court has, therefore, acquired jurisdiction over defendant to proceed with the cause.

Defendant's motion, based upon want of such jurisdiction, must therefore be denied, with $10 costs.