CHARLOTTE HEIDELBERGER, Respondent, *v.* HERMAN HEIDEL-
BERGER, Appellant.

Second Department, April 15, 1921.

**Attachment — vacating and setting aside — verification of affidavit
before attorney for plaintiff is mere irregularity — service of
summons outside State — copy of order need not be served —
direction to serve copy of order is surplusage — property fraudu-
lently transferred before warrant granted.**

The verification before one of the attorneys for the plaintiff of affidavits
upon which a warrant of attachment is granted, is a mere irregularity
which may be corrected by filing duplicates properly verified.

Where a summons is served without the State in pursuance of an order
therefor it is not necessary to serve a copy of the order with the summons,
and a direction in the order that a copy thereof be served with the
summons is surplusage that may be disregarded.

A warrant of attachment should not be vacated on the ground that the
defendant did not have any property at the time the warrant was issued,
where it appears that just before the action was commenced the defendant
transferred his interest in his mother's estate to his brother under circum-
stances indicating that such transfer was fraudulently made; if defend-
ant's interest has in fact been transferred in order to defeat or delay the
plaintiff there is jurisdiction under section 655 of the Code of Civil Pro-
cedure, by means of an action brought by the sheriff, or the sheriff and
plaintiff together, to determine the fact.

APPEAL by the defendant, Herman Heidelberger, from an
order of the Supreme Court, made at the Kings Special Term
and entered in the office of the clerk of the county of Kings
on the 18th day of February, 1921, denying defendant's
motion to vacate the warrant of attachment.

*Carl Stedman Brown* [*Arnold M. Schmidt* and *Edward T.
Horwill* with him on the brief], for the appellant.

*Forrest S. Chilton* and *David Groberg,* for the respondent.

Order affirmed, with ten dollars costs and disbursements,
on the opinion of Mr. Justice KELBY at Special Term.

JENKS, P. J., MILLS, PUTNAM, BLACKMAR and KELLY, JJ.,
concur.

The following is the opinion delivered at Special Term:

KELBY, J.:

The defendant specially appears to move to vacate the warrant of attachment and the proceedings of the sheriff thereunder; to vacate and set aside the order for service of the summons outside of the State; to vacate and set aside the service under such order; and to dismiss the complaint for lack of jurisdiction. Several grounds for this relief or part thereof are urged. None of them seems to me to be of substance or validity. The point that the affidavits upon which the attachment was issued were verified before one of the attorneys for the plaintiff is disposed of by reason of the decision in the case of *Vreeland* v. *Pennsylvania Tanning Co.* (130 App. Div. 405) and with direct reference to an order for publication by *De Graff* v. *De Graff* (128 N. Y. Supp. 672). Such a verification is a mere irregularity, and the plaintiff may now repair even that by filing duplicates properly verified, as was suggested in the *Vreeland* case (at p. 407). As to the point that no copy of the order for service of the summons was served upon the defendant with the summons, that is not required by either sections 440 or 443 of the Code as they now read, and the inadvertent drawing of the order in accordance with the now repealed provision of section 440, requiring the service of the order does not vitiate the service. The unnecessary direction for the service of the order was mere surplusage. This point, though made in the motion papers, seems abandoned tacitly in the memorandum submitted. The other point raised is that the defendant had transferred whatever property he had in this State before the issuance of the warrant, and that, therefore, there was nothing to attach, and so no basis for jurisdiction. This transfer was made apparently with some apprehension on the part of the defendant that plaintiff was about to initiate some action against the defendant. He had abandoned her in 1894, and had kept out of the State, paying no attention to the needs of his family at all, and plaintiff had expended out of her own means and earnings large sums for what was his duty. In October, 1920, defendant's mother died, and by her will, probated in Kings county, left him one-fourth of her estate. It is this interest that defendant transferred to his brother a few days before the attachment was issued. It is apparent that the

transfer shows badges of fraud, and it is subject to the attach-ment.   If the interest or property has in fact been transferred in order to defeat or delay plaintiff, there is jurisdiction under section 655, by means of an action brought by the sheriff, or the sheriff with the plaintiff, to determine the fact.   Meantime the attachment, or the levy thereunder, must stand.   I know that this same question was passed upon and the same con-clusion reached by Mr. Justice ROWLAND DAVIS in the past year, in an action in Broome county, the title of which was *Rogers* v. *Logan*, but the case does not appear to have been reported.

Motion is in all respects denied, and plaintiff is given leave to file properly verified duplicates of the attachment affidavits, as before indicated.