MARGARET EVANS, Appellant, v. KOSTANTY SZCECH and KRYSTYNA SZCECH, Respondents. KOSTANTY SZCECH, Respondent, v. MARGARET EVANS, Appellant. (Consolidated Actions.) — After consolidation of actions, plaintiff, the vendor under a contract for the sale of real estate, sought specific performance, while the vendee counterclaimed for the down payment and expenses on the ground that plaintiff had failed to perform her part of the contract on the adjourned closing day, July 20, 1936. The appeal is from a judgment dismissing the complaint and awarding the vendee damages for down payment and expenses, plus interest and costs. On the trial plaintiff showed she had been able to cure the defect which was the cause of the rejection of title by defendants. (*Jenkins* v. *Fahey*, 73 N. Y. 355; *Baumeister* v. *Demuth*, 84 App. Div. 394; affd., 178 N. Y. 630.) Defendants countered by an equity of their own, claiming they were unable to perform because they had bought other property after plaintiff's alleged default. It is of prime importance to know when it was that defendant became financially

incapacitated to take title because of the purchase of other property. (*Gotthelf* v. *Stranahan*, 138 N. Y. 345.) The statement made by defendant's counsel on the trial is obscure. It is impossible to tell from it just when the title to the other property was taken. The time of the recording of the deed should be shown. For the foregoing reason, the judgment is reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.