SIGMUND SCHNARCH and ALBERT BERGER, City Marshal, Plaintiffs, *v.* SAUL R. SHAPIRO and HELEN FISCHER, Defendants.

Supreme Court, Special Term, Kings County, October 4, 1941.

*Benjamin Barondess*, for the plaintiff Sigmund Schnarch.

*Gustave Menit*, for the defendant Saul R. Shapiro.

LEWIS, J. Defendant Helen Fischer moves to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice. The complaint alleges that by the duly probated will of Samuel L. Shapiro, a portion of the residue of the estate was left to defendant Saul R. Shapiro; that an action was commenced by the plaintiff Schnarch against defendant Saul R. Shapiro to recover for rent due, and a warrant of attachment against the property of said defendant was served on March 3, 1941, by the plaintiff Berger

as city marshal upon one of the executors of the estate of Samuel L. Shapiro; that two days prior thereto defendant Saul R. Shapiro filed with the executors a notice to the effect that he had assigned all his interest in the estate to defendant Helen Fischer by an instrument in writing dated September 7, 1940; that at about the same time Saul R. Shapiro purported to assign to Helen Fischer all the rest of his property; that the alleged assignments were made to defraud plaintiff Schnarch and for the purpose of preventing levy of attachment by any creditor; that defendants have refused to pay over the moneys representing the interest of Saul R. Shapiro in the estate. Plaintiffs demand judgment that the assignments be decreed to be null and void and in fraud of creditors; that said property be paid over to the plaintiff Berger to the extent necessary to pay in full plaintiff Schnarch's claim for rent.

Apparently this action is one in aid of attachment brought pursuant to section 943 of the Civil Practice Act. The movant contends that it must fail because nothing was attached as a result of the prior assignments. The cases are not wholly in accord on the question of whether the sheriff may have a fraudulent conveyance set aside before the recovery of a judgment and the issuance of an execution thereon. (Compare *Anthony* v. *Wood*, 96 N. Y. 180; *Throop Grain Cleaner Co.* v. *Smith*, 110 id. 83, with *Heidelberger* v. *Heidelberger*, 196 App. Div. 626; *Rogers* v. *Logan*, 188 N. Y. Supp. 337; *Castriotis* v. *Guaranty Trust Co.*, 229 N. Y. 74.) Some cases have urged a distinction between chattels and choses in action as a basis for determining whether attachment will lie at the suit of a creditor defrauded by the assignment. (See *Hess* v. *Hess*, 117 N. Y. 306; *American Surety Co.* v. *Conner*, 251 id. 1, 5; cf. *Farlee* v. *Farlee*, 134 Misc. 275, which treats a vested share in an estate as tangible property.) Rigid adherence to such distinction, however, has not been given. (See, for example, *Heidelberger* v. *Heidelberger, supra; Rogers* v. *Logan, supra.*)

Section 278 of the Debtor and Creditor Law provides:

" 1. Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser.

" (a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

" (b) Disregard the conveyance and attach or levy execution upon the property conveyed."

The language used in section 278 would seem to indicate that all property fraudulently conveyed, be it a chattel or chose in

action, is attachable. (See *Farlee* v. *Farlee, supra.*) By virtue of the Debtor and Creditor Law, a creditor need not reduce his claim to judgment before seeking equitable relief against a fraudulent conveyance. (*American Surety Co.* v. *Conner, supra.*)

Section 922 of the Civil Practice Act provides: " In the event that the person owing any debt to the defendant, or holding property, effects or things in action of the defendant or interest therein subject to attachment, on which a levy under a warrant has been made, as in this act provided, shall fail or refuse to deliver such personal property attached, or to pay or assign to the sheriff the said debt, effect or thing in action, or interest therein, the sheriff may * * * commence an action or special proceeding to reduce to his actual custody all such personal property capable of manual delivery, and to collect, receive and enforce all debts, effects and things in action attached by him, and may maintain any such action or special proceeding in his name or in the name of the defendant for that purpose."

Subdivision 5 of section 916 provides that an attachment may be levied upon an interest " to or in any of the property or estate of a deceased person, which may belong to the defendant and which could be legally assigned by him as legatee or distributee."

Consideration of section 922 of the Civil Practice Act, together with section 278 of the Debtor and Creditor Law, logically compels the conclusion that this action is maintainable even in the absence of " special circumstances " requiring equitable intervention.

The motion to dismiss the complaint is, therefore, denied.