HELLA MANDL, Plaintiff, *v.* FRITZ MANDL, Defendant.

Supreme Court, Special Term, New York County, April 2, 1946.

*Harold M. Geller* for defendant appearing specially.

*Meyer Grouf* for plaintiff.

NULL, J.   The defendant appears specially on this motion to set aside the service by publication of the summons and complaint in this action.

The suit was brought to recover past due installments of alimony which the defendant agreed to pay to the plaintiff, his former wife, under a written contract executed in Vienna, Austria. The plaintiff resides in France; the defendant, in Argentina.

There is, first, the challenge to the jurisdiction of the court, predicated upon the fact that the action is between nonresidents upon a contract executed in a foreign country.

These circumstances, however, do not necessarily preclude the plaintiff from seeking the intervention of our courts.   True it is, that the contract must be construed in accordance with Austrian law (*Hutchinson* v. *Ward,* 192 N. Y. 375); but that constitutes no bar to the acceptance of jurisdiction.   The contract being transitory in nature, action is maintainable upon it in jurisdictions other than the *loci contractus.*  " The courts of this state are empowered to entertain jurisdiction of actions between citizens of foreign countries or other States of this Union based upon contracts between non-residents to be performed outside this State."  (*Holzer* v. *Deutsche Reichsbahn-Gesellschaft,* 277 N. Y. 474, 478; *Meyers* v. *Credit Lyonnais,* 259 N. Y. 399; *Wedemann* v. *United States Trust Co.,* 258 N. Y. 315.)   The only limitations are that the liability asserted be such as is recognized by our law; that it be contractual in nature; and that it shall not affront our concept of public policy (*Hutchinson* v. *Ward, supra*).   A different conclusion might be reached were the action founded in tort (*Gregonis* v. *P. & R. Coal & Iron Co.,* 235 N. Y. 152; *Wedemann* v. *United States Trust Co., supra*).

The principal issue raised by the motion, however, is directed to the validity of the order of this court by which service of process by publication was authorized.   It would serve little purpose to enter upon any discussion based on the familiar concepts of jurisdiction laid down in *Pennoyer* v. *Neff* (95 U. S. 714).   Let it suffice to say that, in an action against a nonresident to recover money only, service may be effected by publication only where a warrant of attachment has previously issued and a valid levy made.  " Whatever may have been the former rule now no order of publication in an action to recover a sum of money only against a non-resident may be made

except upon proof that his property has been seized." (*Dimmerling* v. *Andrews,* 236 N. Y. 43, 46.)

In that connection, it is alleged that, although the plaintiff secured a warrant of attachment, the levy pursuant to that warrant was made upon stocks and bonds carried in the name of a foreign corporation organized under the laws of the Republic of Argentina. It is this circumstance which constitutes the basis for the defendant's contention that no property of the defendant has been attached and that, hence, the order of publication was unauthorized.

The plaintiff, on the other hand, has presented substantial evidence in support of her claim that the attached securities, although held in the name of the Argentine corporation, are nevertheless owned by the defendant. It would not be useful, nor, in view of the pending litigation, hardly desirable, to discuss the factual details upon which the plaintiff relies to sustain this claim. It is clear, however, although I do not pass on the issue of ownership, that, upon the record before me, the plaintiff's contentions upon that subject are fairly warranted.

The defendant has made no attempt here or in the papers upon which the order of publication was issued, to controvert the plaintiff's assertions that the securities in question belong to the defendant. He does not even deny that he owns them. The defendant's position is simply that the order of publication must fall merely upon the showing that the property levied upon was held in the name of the Argentine corporation.

In the circumstances, I cannot accept the view that the purely nominal status of title is so conclusive as to rule out all considerations of reality.

Moreover, I am bound to take cognizance of the charges of fraud which are made in another action pending in this court, in which plaintiff is seeking an adjudication that the defendant is the owner of these same securities. There it is alleged in the complaint, a copy of which is annexed to the moving papers, that the Argentine corporation was created to conceal the defendant's true interest in the property standing in its name; that the securities held by it were conveyed by the defendant in order to defraud creditors.

Property assigned in fraud of creditors is subject to attachment in the hands of the assignee by any creditor thus defrauded (*Hess* v. *Hess,* 117 N. Y. 306, 308; *Skilton* v. *Codington,* 185 N. Y. 80, 87; Debtor and Creditor Law, § 278). Distinction, if any once there was, between tangible goods and choses in action is no longer given recognition in law (*Schnarch* v. *Shapiro,* 177

Misc. 410). As was pointed out by Mr. Justice WALTER in *Exchange Nat. Bank of Tulsa* v. *Washington* (30 N. Y. S. 2d 43) since the holding in *American Surety Co.* v. *Conner* (251 N. Y. 1), intangible property is subject to levy under warrant of attachment.

Accordingly, I have reached the conclusion that on the grounds advanced by the defendant, the order directing service by publication of the summons and complaint in this action may not be disturbed. The issue of ownership may not be determined summarily upon this motion. The only remedy is for the defendant, if he so desire, to raise that issue by way of answer (*Stern Corp.* v. *Silverman*, 257 App. Div. 394; *Dalinda* v. *Abegg*, 177 Misc. 265, affd. 262 App. Div. 999).

The motion is denied. The defendant's time to answer or move with respect to the complaint is extended by ten days after the service of a copy of this order, with notice of entry.